Joseph Rudgeair, Appellant, *v.* Reading Traction Company.

*Master and servant—Assault and battery—Scope of employment—Street railway company.*

A motorman in the employ of a street railway company who leaves his car and commits an assault and battery upon one who is driving a team on the track of the company, is not acting within the scope of his employment, or by authority of its officers or agents, and the company is not liable in damages.

Argued March 1, 1897. Appeal, No. 535, Jan. T., 1896, by plaintiff, from judgment of C. P. Berks Co., Nov. T., 1894, No. 49, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

Trespass for an assault and battery committed by one of defendant's motormen. Before ERMENTROUT, P. J.

At the trial when the plaintiff was on the stand, he proposed to prove by his own testimony that on October 2, 1894, he was employed by Charles B. Fisher to haul boards to Reuben Schroeder; that on said October 2, he, with his team loaded with boards, was driving on Penn street in the city of Reading on the down track of the defendant company; that when he came near Second and Penn streets one of the cars of the defendant company followed him and moved up without ringing the gong so as to give him notice; that the motorman in charge of the said car jumped off, came up to the plaintiff's wagon, and said, " You dutch———, if you don't get off the track I will knock you off," and thereupon took a piece of board about five feet in length from the plaintiff's wagon; that then the plaintiff jumped from the wagon, walked around to the side of his horse, and

asked the motorman " Why did you call me a ———?" while his wagon remained standing on the track of the defendant company ; whereupon the motorman struck him in the jaw with said piece of. board, knocking him down, and rendering him unconscious.

Mr. Jones, counsel for defendant : Defendant objects that the offer discloses that the plaintiff was not a passenger and had no relation to the defendant by reason of which it owed him any duty. It further discloses that this was an altercation arising out of and provoked by alleged abusive epithets and wrangling, and it did not take place on the defendant's car, nor on any property or premises of the defendant, but on the public highway, the person who was employed, acting as motorman at the time, having left his post without permission, and thereby left the employment and service of the company and engaged in this alleged quarrel and assault and battery on the public highway, it being his own wilful and independent act. The altercation and assault and battery were clearly. not in the line of the duty of the motorman, and, therefore, the defendant corporation is in no way responsible. If the facts set forth and alleged are true, it was the independent, wilful act of the person who, although at the time employed as a motorman of the defendant, was manifestly not acting in that capacity in committing this assault, and the testimony is therefore irrelevant and immaterial.

The Court: As the offer now stands, there is nothing to indicate that the act committed on the plaintiff was within the scope of the authority of the motorman in any way, or within the line of his employment. It would appear to be the wilful, intentional, individual act of the motorman, without any authority whatever, and committed outside of the employment of the company. We will, therefore, for the present, sustain the objection. Exception for plaintiff. [1]

Mr. Rothermel, of counsel for plaintiff : Plaintiff now proposes to prove by the witness on the stand that on October 2, 1894, he was employed by Charles B. Fisher to haul boards to Reuben Schroeder; that on said October 2, he, with his team loaded with boards, was driving down Penn street, in the city of Reading, on the down track of the defendant company ; that when he came near Second and Penn streets one of the cars of

the defendant company followed him and moved up; that the motorman in charge of the said car jumped off the car, came up to the plaintiff's wagon, and said, "You dutch———, if you don't get off the track I will knock you off," and thereupon reached for a piece of board about five feet in length which he took from the plaintiff's wagon; that when the plaintiff jumped from the wagon, walked around to the side of his horse, and asked the motorman, "Why did you call me a———?" while his wagon remained standing on the track of the defendant company; whereupon the motorman took the said piece of board and struck the plaintiff in the jaw, knocking him down, after which the plaintiff was unconscious; that he broke the jaw of the plaintiff in several places, knocking his teeth out, and that his jaw is now stiff so that he can neither close it nor open it further than one half inch, and that all this was done without any private grudge or spite having ever existed between the plaintiff and the motorman. This for the purpose of showing that the car had come so close (probably within six or eight feet of the wagon) that the motorman or servant of the defendant company considered it necessary to remove the plaintiff and his wagon so as to operate the car of the defendant company, which was in the direct line of his employment; and for the further purpose of showing that when the said motorman undertook to remove the plaintiff and his wagon, he did it with a view to further his master's interest, and not on account of any grudge or spite that he had against the plaintiff.

Mr. Jones : In so far as the offer is a repetition of the former offer, the defendant makes the same objection. As to the addition, that the plaintiff suffered injury from the blow, that is irrelevant and immaterial if the defendant here is not liable. As to the purpose, defendant objects that that is stated argumentatively, and so far as it was an alleged furtherance of the business or interest of the defendant, it is in contradiction of the law which defines the interest of and the rights of the defendant upon the highway, and determines, without regard to any speculation, that the defendant has no other rights upon the highway than those specified in the law.

The Court: Is it alleged that there was any order given by the conductor in charge of the car to the motorman to remove the wagon from the track?

Mr. Jones: That is not alleged in the offer, and I may say that is not the fact.

Mr. Rothermel: This offer to be followed by testimony that when the motorman left the car for the purpose of removing the plaintiff and his wagon from the track, the conductor of the car took the position of the motorman on the car, and regulated it in place of the motorman. This to be followed further by testimony that after the plaintiff was struck by the motorman, the conductor left the car. and took hold of the plaintiff's team for the purpose of removing it from the track.

Mr. Jones: Defendant makes the same objection.

The Court: We will make the same ruling. Exception for plaintiff. [2]

The court entered a compulsory nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; (3) refusal to take off nonsuit.

*John H. Rothermel,* with him *Israel H. Rothermel,* for appellant.—In reviewing judgments of nonsuit, it is a well settled rule that the plaintiff is entitled to every reasonable inference that the jury might have drawn from the evidence. And every relevant fact which it tends to prove is to be considered as admitted by the defendant: Corbalis v. Township, 132 Pa. 9; Lerch v. Bard, 153 Pa. 573.

The question whether a servant was acting within the scope of his employment when he committed a negligent act is a question of fact for the jury: Guinney v. Hand, 153 Pa. 404; Brunner v. Telegraph Co., 151 Pa. 447; Johnson v. Armour, 18 Fed. Rep. 491; Dwinelle v. R. R., 120 N. Y. 117; Buswell on Personal Injuries, 39; Evans on Principal and Agent, star p. 570; 1 Jaggard on Torts, p. 272; Jackson v. Second Ave. R. Co., 47 N. Y. 274; Ramsden v. B. & A. R. Co., 104 Mass. 117; 5 Thompson on Corporations, secs. 6, 299.

The motorman and conductor were sent out to operate the defendant's car. The act complained of was done in pursuance of that for which they were sent: McClung v. Dearborne, 134 Pa. 396; Pollock on Torts, 72; 1 Addison on Torts, sec. 550 (Wood's ed.); 14 Am. & Eng. Ency. of Law, 817;

Guinney v. Hand, 153 Pa. 404; Hemingway v. McCullough, 15 W. N. C. 328; Phila. Traction Co. v. Orbann, 119 Pa. 37; L. S. etc. Ry. v. Rosenzweig, 113 Pa. 519; Penna. Co. v. Toomey, 91 Pa. 256; Penna. R. Co. v. Vandiver, 42 Pa. 371; Redding v. South Carolina R. R. Co., 16 Am. Rep. 681; Cohen v. Dry Dock R. R., 69 N. Y. 174; Howe v. Newmarch, 12 Allen 49; Smith on Master and Servant, 335; Croft v. Alison, 4 B. and Ald. 590; Limpus v. General Omnibus Co., 32 L. J. Exch. 34; Hutchinson v. Ry. Co., 5 Exch. 349.

The servant has implied authority to do whatever the master would have a lawful right to do if personally present, and the master only becomes liable when the servant does the act in an unlawful or careless manner: Woodward v. Webb, 65 Pa. 254; R. R. v. Norton, 24 Pa. 469; Biddle v. H. M. & Fairmount Ry., 112 Pa. 553; 14 Am. & Eng. Ency. 808; Booth on St. Ry. Law, sec. 303; 23 Am. & Eng. Ency. 1029; Thomas on Neg. 278; Rounds v. D., L. & W. R. R., 64 N. Y, 133; Hoffman v. N. Y. Cent. & H. Riv. R. R., 87 N. R. 25.

*Richmond L. Jones,* for appellee, was not heard, but in his printed brief said.—The plaintiff did not offer to prove the duties of the motorman, and we must therefore look to the definition of the law: Schnur v. Citizens' Traction Co., 153 Pa. 29; Chilton v. Cent. Traction Co., 152 Pa. 425; Gilmore v. Pass. Ry., 153 Pa. 31; Ehrisman v. East Harrisburg City Pass. Ry., 153 Pa. 180; Wheelahan v. Phila. Traction Co., 150 Pa. 187.

A master is not responsible for the negligence of his servant in the doing of an act not within the scope of his employment, nor within the line of his duty: Shearman & Redfield on Neg. 3d ed., sec. 62; Fox v. Northern Liberties, 3 W. & S. 103; Yerger v. Warren, 31 Pa. 319; Pass. Ry. v. Donahue, 70 Pa. 119; R. R. v. McLain, 91 Pa. 442; Phila. Gtn. & Norristown R. R. v. Wilt, 4 Wh. 143; Snodgrass v. Bradley, 2 Grant, 43; Drew v. Peer., 93 Pa. 234; Scanlon v. Suter, 158 Pa. 275; McGilvray v. West End St. Ry., 41 N. E. Rep. 116; Towanda Coal Co. v. Heeman, 86 Pa. 418.

PER CURIAM, March 15, 1897:

The testimony offered in this case shows that plaintiff was

assaulted on the street and beaten by John Van Reed, an employee of the Traction Company, defendant; but it clearly appears that in the commission of the assault and battery Van Reed was not acting within the scope of his employment as a motorman of the company, or by the authority or direction of any of its officers or agents. The principle, respondeat superior, has no application to such a purely personal trespass as that disclosed by the evidence prepared. The court was therefore clearly right in refusing to take off the nonsuit.

Judgment affirmed.