WALTER BROWN *vs.* BOSTON ICE COMPANY.
WILLIAM LYDSTON *vs.* SAME.

Suffolk.   November 15, 1900. — March 1, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

It is not within the scope of the authority of a servant who has charge of property of his master, to inflict personal chastisement upon a person who has injured that property, in order to prevent repetition of the injury.

The driver of an ice cart, who strikes a small boy on the head with the handle of an axe, for the purpose of punishing him for breaking the axe, which was the property of the driver's employer and which he had left on the sidewalk while going into a house to deliver ice, is not acting within the scope of his employment in making the assault, and the boy cannot recover from the driver's employer for injuries caused thereby.

TWO ACTIONS OF TORT to recover for injuries alleged to have been caused by assaults made by the driver of an ice cart of the defendant.   Writs dated July 26, 1898.

At the trial in the Superior Court, before *Lawton*, J., the following facts appeared:

The plaintiffs were small boys, Brown being six years old and Lydston five years old at the time of their injuries. One Sprague was the driver of an ice cart of the defendant, and it was his duty to deliver ice to various customers of the defendant. In June, 1898, when the injuries were inflicted, a portion of Sprague's route covered Indiana Street in Boston, a cross street running between Washington Street and Harrison Avenue. Indiana Street was then undergoing repairs, and was closed to travel, and Sprague left his ice cart on Washington Street, and, for the purpose of delivering ice in Indiana Street, took a large cake of ice and with his ice tongs dragged it a little way on the north sidewalk of Indiana Street to a point near a certain house, and there cut off a piece of ice from the large cake, and went with it into the house, leaving the rest of the cake and his ice axe upon the sidewalk. The plaintiff Lydston while Sprague was away took up the axe and chopped off a little piece of ice, and dropped the axe and broke a piece out of it, and then ran toward his home, which was next door, and tried to hide behind an iron railing. When Sprague returned, the plaintiff Walter Brown, who had not meddled with the axe, and another boy, one Arthur Cole, stood near the cake of ice. Sprague picked up his axe, and upon looking at it without saying a word immediately struck the plaintiff Brown a blow upon the head with the axe handle and injured him. Arthur Cole then told Sprague that it was not Walter Brown who broke his axe, but Willie Lydston, and Sprague thereupon chased Lydston, and pulled him from behind the iron fence near the door of his house about twenty or twenty-five feet away from the cake of ice, and kicked him first about the back and then struck him several blows on the head with the axe handle, and injured him.

The mother of Lydston testified that when she asked Sprague why he did it, he answered : " Look at this axe. I 'll teach him better than to break the company's tools."

The father of Brown testified that when he asked Sprague what he struck his child for, Sprague answered " Because he broke the company's axe."

At the close of the plaintiffs' evidence, the judge, at the request of the defendant, ruled that there was no sufficient evidence upon which the defendant could be held for the injuries

inflicted by Sprague upon either plaintiff, and that Sprague at the time was not acting within the scope of his authority as a servant of the defendant.

By the direction of the judge the jury returned a verdict for the defendant in each case ; and the plaintiffs alleged exceptions.

*C. Abbott,* for the plaintiffs.

*C. C. Mellen,* for the defendant.

LORING, J.   The ground on which the plaintiffs contend that the defendant is liable for Sprague's acts in beating them with the handle of the ice axe is that, from what Sprague said at the time, the jury were warranted in finding that he punished them in whole or in part for the purpose of making it easier for him to deliver ice from the defendant's ice cart in the future, without an assistant and with slight care of the tools, and therefore the case is brought within *Howe* v. *Newmarch,* 12 Allen, 49.   But in this case Sprague's attack on the boys was an act of punishment inflicted for a past injury to his master's property, and not in doing an act which he had to do if he performed the duty owed by him to his master.

It is not within the scope of the authority of a servant, to whose custody his master's property has been confided, to undertake to secure it from future injury by committing the illegal act of inflicting personal chastisement on persons who have done damage to it in the past.

The case comes within *Bowler* v. *O'Connell,* 162 Mass. 319, *Driscoll* v. *Scanlon,* 165 Mass. 348, and in some aspects is like *Porter* v. *Chicago, Rock Island & Pacific Railway,* 41 Iowa, 358, and *Candiff* v. *Louisville, New Orleans & Texas Railway,* 42 La. Ann. 477.

*Exceptions overruled.*