# Gassenheimer *v.* Western Railway of Alabama.

*Assault and Battery.*

(Decided February 8, 1912.  57 South. 718.)

1. *Corporation; Torts; Liability; Employee.*—A corporation is liable for the wrongful act of its employees done in the course of their employment or line of their duty.

2. *Master and Servant; Assault by Servant; Liability of Master.*—The facts in this case examined and held to hold the master for liability for an assault by a servant, or at least that the master could not avoid liability on the ground that it was not within the scope of the servant's authority, since it was committed as a result of plaintiff's complaint about such servant's delay.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by Leo Gassenheimer against the Western Railway of Alabama, for damages for assault and battery alleged to have been committed on him by one of defendant's freight delivery clerks. From a judgment overruling motion for new trial plaintiff appeals. Reversed and remanded.

LETCHER, McCORD & HAROLD, for appellant. The motion for a new trial should have been granted.—*A. G. S. v. Powers*, 73 Ala. 248; *Cobb v. Malone*, 92 Ala. 630; *T. C., I. & R. R. Co. v. Stevenson*, 115 Ala. There was absolutely no conflict in the evidence, and hence, the new trial should have been granted.—*Hamilton v. Maxwell*, 133 Ala. 233. The appellant, under the evidence, was entitled to at least nominal damages.

STEINER, CRUM & WEIL, for appellee. Under the facts in this case defendant was not liable to plaintiff. —*Hardeman v. Williams*, 150 Ala. 415; *Goodloe v. M. & C.*, 107 Ala. 233; *Everlington v. Chicago Ry.*, 127 N. W. 1009. This being true, plaintiff cannot complain of the refusal to grant a new trial.—*Bienville v. City of Mobile*, 125 Ala. 184; *Cole v. Propst*, 119 Ala. 99; *Abbott v. Mobile*, 119 Ala. 599.

SAYRE, J.—Plaintiff sent a drayman from his place of business to the freight house of the defendant railway company to fetch some freight. Considerable delay ensuing, plaintiff went to see what was the matter. He found the drayman waiting at the freight house. Then Mabson, one of defendant's delivery clerks, came up saying: "I will deliver the freight." The freight bills were then handed to Mabson, and plaintiff went to the office in another part of the building, where he complained of the delay to Mabson's superiors. He

[Gassenheimer v. Western Railway of Alabama.]

does not seem to have mentioned Mabson's name. Mr. Lutz, commercial agent for the railway, and Mr. Stanley, chief clerk, then walked down the freight house in company with the plaintiff, inquiring of several of the delivery clerks what they knew about plaintiff's dray having to wait for freight. When they reached Mabson, who was then and there engaged in defendant's business of delivering freight, he, without a word, or, so far as the evidence shows, a demonstration of any sort from the plaintiff, applied to plaintiff a most offensive epithet, and struck and kicked him. The assault left behind it no physical injury. Plaintiff sued the railway company for the assault and battery committed by its agent, and, the jury having acquitted the defendant, made a motion for a new trial on the ground that the verdict was contrary to the law and the evidence. From a judgment overruling the motion, plaintiff appeals.

The court below makes it clear that the jury might have inferred that Mabson assaulted plaintiff because plaintiff had made complaint to his superior officers, and that an assault committed for such reason was not within the scope of Mabson's employment. In this the court erred. It is well settled in the decisions of this court that corporations are liable for the wrongful acts of their agents or employees, done in the course of their employment, or in the line of their assigned duties. The difficulty in particular cases arises in the proper application of this principle of law to the facts. The case of *Case v. Hulsebush*, 122 Ala. 212, 26 South. 155, is strikingly like the case at bar in all essential respects. In that case the tax collector of Mobile county was held personally liable for an assault and battery committed by his deputy upon a taxpayer who had gone to the collector's office to pay taxes. The assault grew out of a dispute about a fee the deputy sought to col-

lect. In the case at hand there is nothing to indicate, however remotely, that the assault grew out of anything but the delay in the delivery of plaintiff's freight. The trial court referred the assault, or held that the jury might have referred it, to the fact that plaintiff had complained to Mabson's superior officers. But the complaint was about the delay, and we have no difficulty in taking all that occurred between plaintiff and Mabson and Mabson's superiors as part and parcel of one transaction. In this state of the evidence the plaintiff was entitled to have the verdict set aside. "There is no more sacred duty resting on the presiding judge than to set aside a verdict which is rendered in palpable disregard of the evidence."—*A. G. S. Rwy. Co. v. Powers,* 73 Ala. 248. And since the passage of the act permitting the review of rulings on such motions this court has frequently reversed judgments where the preponderance of the evidence against the conclusions reached in the trial courts was so decided as to involve the conviction that they were wrong and unjust.—*Birmingham National Bank v. Bradley,* 116 Ala. 142, 23 South. 53; *Southern Rwy. Co. v. Lollar,* 135 Ala. 375, 33 South. 32, and cases cited. No doubt the court below, but for the theory entertained in respect to the origin to which the jury might have referred the difficulty as sufficient to take the assault upon plaintiff without the scope or course of Mabson's assigned duties, would have granted a new trial. But that theory of fact and law, under the authority of our rulings heretofore, was misconceived.—*Case v. Hulsebush,* 122 Ala. 212, 26 South. 155, and cases there cited. It results that the judgment must be reversed, and the cause remanded for another trial on the facts as they may then appear.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.