# Jebeles-Colias Conf. Co. *v.* Booze.

## *Assault and Battery.*

(Decided April 17, 1913. Rehearing stricken May 8, 1913.
62 South. 12.)

1. *Master and Servant; Assault by Servant; Line of Duty; Evidence.*—Evidence that plaintiff had been in the employment of defendant corporation and had been discharging his duties under the personal direction and control of C, and that C discharged the plaintiff because of a difference between them about plaintiff's manner of doing his work, and assaulted plaintiff while he was leaving but was still in defendant's place of business, authorizes a finding that the assault was committed in the course of C's employment, and within the line of duty assigned him so as to make the defendant liable, where there was an absence of evidence that the assault grew out of anything other than such differences, and the fact and manner of dismissal.

2. *Same; Complaint.*—A complaint charging that C, an agent and servant of defendant corporation, while engaged in or about defendant's business and acting within the line and scope of his authority as such agent or servant, wantonly and violently assaulted and beat plaintiff with a stick, causing injuries, is sufficient.

3. *Same; Instructions.*—Where the defense was that the assault was by another servant of defendant who had no duties to perform at the place of the assault, and all the testimony showed that C was, at the time of the assault, an agent of defendant, in charge of that part of the premises where plaintiff's duties were performed, and in personal command of plaintiff while he remained in defendant's service, and where the assault was committed just after he had discharged plaintiff, a charge asserting that the verdict must be for defendant, if the jury believe from all the evidence that plaintiff was assaulted "as alleged in the complaint," but that it was committed by someone not an agent or employee of defendant, provided they believed defendant did not authorize or instigate the assault, needed some construction to prevent misleading tendencies justifying its refusal.

4. *Witnesses; Contradiction.*—While one offering a witness in general represents him as worthy of belief, and cannot impeach his general character for truth or impugn his credibility by general evidence tending to show him unworthy of belief, yet he may prove any fact by other competent witnesses in direct contradiction of such witness though the collateral effect is to show such witness generally unworthy of belief, and under some circumstances may ask him whether he has not made other inconsistent statements.

5. *Charge of Court; Credibility of Witness.*—Where other witnesses for plaintiff had testified differently to the same fact, a charge requested by defendant that plaintiff vouched for the truth-

[Jebeles-Colias Conf. Co. v. Booze.]

fulness of the witness N when he placed him on the witness stand, was misleading in the absence of a statement that plaintiff was not concluded on the facts as to which N testified to.

6. *Same; Needing Construction.*—Where a requested instruction needs some construction to prevent its being misleading, its refusal is justified.

7. *Appeal and Error; Supplemental Brief; Points Not Previously Urged.*—The supplemental brief that is permitted by the rule must support assignments urged in the brief required to be filed as a prerequisite to the submission of the cause; hence, a supplemental brief filed after the submission of the cause for decision which attempts to make points that have not been referred to in the original brief comes too late.

APPEAL from Jefferson Circuit Court.

Heard before Hon. JOHN C. PUGH.

Action by Jim Booze against the Jebeles & Colias Confectionery Company, for damages for assault and battery. Judgment for plaintiff, and defendant appeals. Affirmed.

The appellant-corporation conducts a bakery and candy business, and in their place of business on or about the 5th of October, 1910, plaintiff was struck with a piece of scantling; some of the testimony tending to show that the blow was struck by Colias, and the other testimony tending to show that the blow was struck by Darious, who was in the employ of the corporation and closely resembled Colias. The complaint charged that on the 6th day of October, 1910, Nicholeas Colias, an agent or servant of the defendant, while engaged in and about the business of defendant, and acting within the line and scope of his authority as such agent or servant willfully, wantonly, and violently assaulted and beat plaintiff, by striking him over the head with a piece of wood or other blunt instrument, greatly mashing and bruising plaintiff's head; "and plaintiff avers that by reason thereof, and as a proximate consequence of the willful, wanton, and violent assault made on him by the agent or servant of defendant, as above set out [here fol-

lows catalogue of physical and mental injuries, etc.]."
This is the second count. The demurrers to that count
are that it seeks to recover for the act of defendant's
agent or servant, and it is not averred or shown what
service or employment the said defendant or its said
servant or agent was engaged in, or that there was any
duty upon defendant to protect plaintiff from the as-
saults of its servant or agent, and that it seeks to recover
punitive damages without showing that defendant was
authorized to commit said assault, or that the same was
ratified or acquiesced in by the defendant, and that, so
far as appeared from said count, plaintiff and some
agent or servant of defendant engaged in a personal af-
fray without reference to the corporate business of de-
fendant.

The following charges were refused to defendant:

"(2) If you believe from all the evidence that plaintiff
was assaulted as alleged in said complaint, but that said
assault was committed by some person not an agent or
employee of defendant, you must give a verdict in favor
of defendant, provided you believe that defendant did
not authorize or instigate such assault." "(6) I charge
you under all the evidence in this case that the plaintiff
vouched for the truthfulness of the witness J. S. Nix,
when he placed said Nix on the witness stand."

The following charge was given for plaintiff:

"A. If the jury believe from the evidence that Nicho-
leas Colias, while acting as manager or boss of Jebeles &
Colias Cofectionery Company's place of business, where
the assault is alleged to have been committed, while act-
ing within the line and scope of his authority, as such
manager or boss, wrongfully struck, assaulted, and beat
plaintiff, then Jebeles & Colias Confectionery Company,
the defendant in this suit, is liable in damages for such

assault and battery, and the plaintiff is entitled to recover in this case."

F. E. BLACKBURN, and C. B. POWELL, for appellant. The court erred in the charge given at the request of plaintiff.—*Palos C. & C. Co. v. Benson,* 39 South. 727; *L. & N. v. Whitman,* 79 Ala. 328; *Wise v. Curl,* 58 South. 287. On these same authorities, the court below erred in overruling demurrers to the second count of the complaint. A party vouches for the truthfulness of the witness offered by him, and the court was in error in refusing the charge asserting that doctrine requested by defendant.—*Warren, et al. v. Gabriel & Co.,* 51 Ala. 235. The court erred in refusing to give charge 2 requested by appellant. Counsel filed a supplemental brief touching assignments not argued in the original brief.

C. D. RITTER, for appellee. There was no error in the charge given for appellee, or in overruling demurrers to the second count of complaint.—*Morris H. Co. v. Hendley,* 40 South. 52; *Case v. Hulseybush,* 122 Ala. 212; *A. G. S. v. Frazer,* 9 South. 303. The court was not in error in refusing the charge asserting that plaintiff vouched for the truthfulness of his witness Nix, as the charge did not indicate that plaintiff was not concluded by his testimony. There was no error in refusing the charges requested by defendant.

SAYRE, J.—There was ample evidence to warrant the jury in finding that plaintiff (appellee) had been in the employment of the defendant corporation, and had discharged his duties under the personal direction and control of Colias; that on the occasion in question Colias had discharged plaintiff on account of some difference which had arisen between them about plaintiff's man-

ner of doing his work, and then, while plaintiff was in the act of leaving, but was still in defendant's place of business, had committed an aggravated assault upon him. There was nothing in the testimony to indicate that the assault grew out of anything other than the difference indicated above and some temper evolved from the fact and manner of plaintiff's dismissal from defendant's service. The jury were authorized, therefore, to find that the assault was committed in the course.of Colias' employment and in ·the line of his assigned duties, and that defendant corporation was liable for its consequences.—*Gassenheimer v. Western of Alabama,* 175 Ala. 319, 57 South. 718, 40 L. R. A. (N. S.) 998; *Case v. Hulsebush,* 122 Ala. 212, 26 South. 155. The cases just cited also suffice to show that the sufficiency of the second count of the complaint, upon which the case was tried, was correctly adjudged on demurrer.

It is hornbook law that when a party offers a witness in proof of his cause, he thereby, in general, represents him as worthy of belief, and cannot afterwards impeach his general character for truth or impugn his credibility by general evidence tending to show him to be unworthy of belief; but it is exceedingly clear that the party is not precluded from proving the truth of any particular fact, by other competent testimony, in direct contradiction of his witness, though the collateral effect may be to show that the witness was generally unworthy of belief.—1 Greenl. Ev. §§ 442 443; *Warren v. Gabriel,* 51 Ala. 235. And under some conditions he may ask his witness whether he has not made other inconsistent statements. —*Schieffelin v. Schieffelin,* 127 Ala. 35, 28 South. 687.

Though charge 6, refused to the defendant, be taken as a correct statement of the general law of the subject as far as it went, yet in view of particular developments of the evidence it needed qualification and amplification

to save it from being a partial and misleading statement of that branch of the law of the case with which it undertook to deal.  Plaintiff made no formal effort to impeach the general credit of his witness Nix. He did, however, offer evidence from which the jury might, and it seems did, infer that the testimony of the witness was evasive or even positively and consciously untrue.  For the court to say to the jury in these circumstances that plaintiff had "vouched for the truthfulness of .the witness," without a statement of the mere general character of that avouchment, and that it did not conclude plaintiff on the particular facts as to which the witness testified, would, in our opinion have left a false, or at least an incomplete and misleading, impression upon their minds, and was therefore refused without error.

The cases heretofore cited are enough to show that charge A, given at plaintiff's request, was properly given.  In *Morris Hotel Co. v. Henley,* 145 Ala. 678, 40 South. 52, it was held that the same charge, mutatis mutandis, in a similar case, was given without error.

Strictly construed, and to save error, we must so construe charges refused in the court below, charge 2 was refused to defendant without error.  In fact, the charge seems to need some construction to avoid misleading, and that was enough to justify its refusal.  There was no plea of justification.  The defense was rested upon the proposition that defendant's agent or servant, named in the complaint, had not committed the assault, but that another person, who also appeared to have been a servant of defendant, though it did not appear that he had any duties to perform in defendant's place of business— he drove a wagon on the outside—had assaulted plaintiff.  So that, if the assault was committed "as alleged in the complaint," plaintiff was entitled to recover without more.  It was necessary, of course, that plaintiff

should satisfy the jury reasonably that the named agent was in fact the agent of defendant, but about that fact there was no dispute or conflict in the evidence. Defendant denied that its agent named in the complaint was at the time an officer of the defendant corporation; but he may have been an agent or servant without being an officer, and defendant's testimony as well as that offered by plaintiff, went without contradiction to show that he was an agent at the time in charge of that part of defendant's premises where plaintiff's duties were performed, and in personal command of plaintiff while he remained in the service. There was no error in the refusal of the charge.

It has been settled by this court that the points made in appellant's supplemental brief, filed some time after the submission of the cause for decision, such points not having been referred to in the original brief upon which the submission was had, came too late and cannot be considered. The additional brief which an appellant may file under the rule must support assignments of error, urged in the brief required to be filed as a prerequisite to the submission of the cause.—*L. & N. v. Holland,* 173 Ala. 675, 55 South. 1001. We are much inclined to think, from some examination of them, that there is no merit in these belated points, but withhold more definite statement for the reason above indicated.

We find no error in the record, and the judgment will be affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.