(88 South. 858)

## BIRMINGHAM MACARONI CO. v. TADRICK. (6 Div. 83.)

(Supreme Court of Alabama. Feb. 3, 1921. Rehearing Denied April 21, 1921.)

**I. Master and servant ⬤⟞302(3)—Assault by employé, on former employé demanding pay, actionable.**

Where a former employé, who had returned to collect pay due her, was assaulted by another employé, designated as a floor lady, who had authority to hire or discharge employés, who kept their time and paid them off, the master is liable for the assault, which grew out of the demand for pay.

**2. Evidence ⬤⟞123(9) — Declarations of bystander, which evidence showed terminated affray, are admissible as res gestæ.**

Where the evidence for plaintiff showed that defendant's employés were continuing their assault upon plaintiff as they followed her down the · steps, a declaration by a bystander that he would shoot the employé if he did not desist is admissible as part of the res gestæ, though defendant's evidence showed the assault had terminated before that time, and that employé was following plaintiff for an innocent purpose.

**3. Appeal and error ⬤⟞1003—Number of witnesses does not necessarily determine preponderance of evidence so as to authorize reversal.**

Whether the verdict was so contrary to the great weight of the evidence as to be palpably and plainly wrong, therefore to be set aside, depends upon the peculiar facts and circumstances in each case, and the mere fact of superiority in number of witnesses is not alone a determining factor.

**4. Appeal and error ⬤⟞1005(4)—Evidence held not to show verdict was so contrary to preponderance of the evidence as to justify reversal.**

In an action for assault and battery committed by defendant's employés upon plaintiff, a discharged employé, evidence held not to show that a verdict for plaintiff was so contrary to the preponderance of the evidence as to warrant the Supreme Court in disturbing the judgment of the trial judge, who saw and heard the witnesses, and who denied a motion for a new trial.

**5. New trial ⬤⟞151—Affidavit held not to show diligence to secure testimony, in view of counter affidavits.**

A general affidavit as to newly discovered evidence, refuting testimony of declarations by a bystander at the time of the assault in question, which alleged that defendant's attorney had not been informed of such declarations, and therefore did not subpœna the bystander, does not show sufficient diligence to require the granting of a new trial, where plaintiff's countervailing affidavit showed that the same attorney appeared in another trial growing out of the same assault, in which the declarations of the bystander were offered in evidence.

**6. Appeal and error ⬤⟞1004(1)—Verdict can be set aside as excessive only where amount indicates passion or prejudice.**

A verdict, awarding damages for assault and battery, is not to be set aside merely because the court thinks the jury gave too much, but only in case the amount is so excessive as to indicate prejudice, passion, partiality, or corruption on the part of the jury.

**7. Assault and battery ⬤⟞40—Verdict, awarding $3,000 for assault and battery, where punitive damages might be allowed, held not excessive.**

In an action for assault and battery by defendant's employés upon plaintiff under the most humiliating circumstances, and where the evidence justified the awarding of punitive damages, so that the jury was authorized to exercise a wide discretion, a verdict, awarding plaintiff $3,000 will not be disturbed as excessive.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action for assault and battery by Mrs. Carrie Tadrick against the Birmingham Macaroni Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Suit by appellee against appellant to recover damages for an assault and battery committed on her in November, 1917, by the servants and employés of the defendant corporation while acting in the line and scope of their employment. The cause was tried upon count 2 and the general issue thereon, resulting in a judgment in the sum of $3,000 for the plaintiff, from which this appeal is prosecuted.

The evidence for the plaintiff tended to show: That she had previously been in the employ of the defendant corporation, and went to the defendant's factory on the Saturday this trouble arose, which was the regular pay day for the employés. That one Serio was superintendent and in charge of the factory, and Mrs. Della Maxwell was "floor lady" for the company, having charge of the packing department, kept the time, hired and discharged the girls, made up the pay rolls, and had placed the money in the envelopes, and was ready ·to pay off at the time of the difficulty, Serio having brought the money and left it with Mrs. Maxwell for that purpose. While Serio was over at the desk where Mrs. Maxwell was plaintiff asked him for her money, whereupon he replied, "You quit when you got good and ready, and I had a lot of trouble with you, and I will pay you when I get good and ready," and then cursed plaintiff, saying that he had had a lot of trouble with her, to which she replied that she had given him no trouble, but notified him the night before that she was going to quit. Plaintiff further said something about having to make a living for two besides herself, and concluded the sentence by saying, "They don't pay me $18 per week for

sitting down." That thereupon Mrs. Maxwell jumped up and got her by the throat, and Serio, also getting up, said, "That's right; kick her out of here; and he then kicked her." When Mrs. Maxwell was pulled away from plaintiff, plaintiff started to run, Serio following her and catching her by the arm at the head of the stairway, saying, "If you don't quit hollering I will push you down these steps; I will kill you." Then, as plaintiff saw Mrs. Maxwell coming, she ran down the steps, Serio still following her, but Mrs. Maxwell turned back, and as she reached the door threw a weight at plaintiff, which struck her on the shoulder. The evidence further shows that as she got down the stairs, Serio still following her, one Stamps, who was also in the employ of the defendant, seeing the parties, called out to Serio, "If you touch this woman again, I will shoot your brains out;" and thereupon Serio stopped and paid the plaintiff the money that was due her. The plaintiff's neck was scratched, and blood running down. This was seen by Stamps, but Stamps was not present upstairs at the beginning of the difficulty. The defendant reserved exception to the court's action in overruling objections to the declarations made by Stamps. Plaintiff's testimony was corroborated by that of Mrs. Minnie Dickerson, who was not in the employ of the defendant.

The defendant's testimony was in sharp conflict with that of plaintiff, and showed a difficulty between plaintiff and Mrs. Maxwell brought on by abusive and insulting language used by plaintiff to Mrs. Maxwell, which provoked resentment. Defendant's testimony further tended to show that Serio did not kick or abuse plaintiff, but merely acted as peacemaker; that while he followed the plaintiff down the stairs, he was merely looking after her, to have her given a towel to wipe her face. Witnesses for the defendant consisted of Serio, Mrs. Maxwell, Lula Sweet, Stella Faulkner, and Mrs. Kate Nash, each of whom was in the employ of the defendant company at the time.

Motion was made for new trial upon the ground that the verdict was contrary to the weight of the evidence, and also newly discovered evidence, in that defendant's counsel was taken by surprise as to the testimony relating to the declarations testified to have been made by Stamps, to the effect that he did not make such declarations, and of counsel to the effect that upon his original investigation of the cause he talked with the employés of the defendant company, including Stamps, who said that he knew nothing about what transpired upstairs, as he was downstairs, and that Stamps did not inform him (affiant), or in any way intimate a knowledge on his part, of any facts in any wise connected with the testimony by Mrs. Dickerson or the plaintiff, and therefore Stamps was not subpœnæd as a witness.

This cause was tried on December 3, 1919.

Counter affidavits were offered by the plaintiff to the effect that on March 26, 1919, the case of this plaintiff against Pete Serio for damages growing out of this assault was tried in said circuit court, resulting in a mistrial. Defendant's counsel in that case represented the defendant in this case, which shows that the declarations made by Stamps were offered in evidence on that trial, together with much argument between counsel as to the relevancy of the same; that Stamps had been summoned as a witness in the case, but was not present, and that counsel for plaintiff never heard that defendant wanted Mr. Stamps in the trial of this cause until the same was made a ground for the motion for new trial; and that there has been no trouble with reference to serving Stamps as a witness. Plaintiff also offered her own affidavit as to a conversation had with Stamps at the time he was first summoned for the trial in the suit against Pete Serio.

The motion for a new trial was denied. The defendant requested a charge to the effect that no damages could be recovered by the plaintiff on account of the assault committed by Mrs. Della Maxwell, which was refused.

Tillman, Bradley & Morrow, Charles E. Rice, and T. A. McFarland, all of Birmingham, for appellant.

A new trial should have been granted. 33 South. 8; 115 La. 498, 39 South. 540; 189 Ala. 665, 66 South. 628; 192 Ala. 471, 68 South. 348; 135 Ala. 614, 34 South. 16; 131 Ala. 177, 32 South. 493; 108 Ala. 233, 19 South. 309; 159 Ala. 310, 49 South. 310; 201 Ala. 613, 79 South. 45. The argument of counsel was not based on the evidence, and the case should be reversed. 68 Ala. 476; 75 South. 701; 145 Ala. 678, 40 South. 52; 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037; 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; 184 Ala. 413, 63 South. 554; 104 Ala. 471, 16 South. 538; 187 Ala. 490, 65 South. 528, Ann. Cas. 1916E, 565; 17 Ala. App. 548, 86 South. 111. The declaration of Stamps was clearly inadmissible. 148 Ala. 63, 41 South. 984; 154 Ala. 639, 45 South. 641, 16 Ann. Cas. 305; 174 Ala. 63, 57 South. 245; 43 Ark. 289; 10 Tex. Civ. App. 231, 30 S. W. 450; 42 La. Ann. 470, 7 South. 537; 143 N. Y. 417, 38 N. E. 454, 26 L. R. A. 46, 42 Am. St. Rep. 738; 22 C. J. 444; 179 Ala. 317, 60 South. 82; 97 Ala. 211, 12 South. 176; 93 Ala. 191, 9 South. 590; 17 Ala. App. 211, 84 South. 551; 16 Ala. App. 408, 78 South. 324. The master was not liable for the acts of its employees under the facts in this case. 144 La. 1041, 81 South. 706; 150 Ala. 415, 43 South. 726, 10 L. R. A. (N. S.) 653; 135 Ala. 205, 33 South. 438, 93 Am. St. Rep. 31; 192 Ala. 403, 68 South. 328, L. R. A. 1915F, 516; 115 Ark. 288, 171 S. W. 93, L. R. A. 1916C, 1200; 143 N. C. 176, 55 S. E. 509, 8 L. R. A. (N. S.)

798, 10 Ann. Cas. 375; 133 Minn. 158, 157 N. W. 1085, L. R. A. 1916E, 1151.

B. M. Allen and Black & Harris, all of Birmingham, for appellee.

The master was liable for the acts of its servant in this case. 108 Miss. 121, 66 South. 402; 2 Ala. App. 520, 57 South. 52; 169 Ala. 50, 53 South. 794; 167 Ala. 134, 51 South. 951, 140 Am. St. Rep. 21. Stamps' evidence was of the res gestæ, and admissible. 16 Cyc. 1241; Wigmore on Evidence, § 1745, et seq., 20 Ala. 530; 63 Ala. 52, 35 Am. Rep. 4; 66 Ala. 336; 6 Ala. App. 594, 60 South. 499; 167 Ala. 615, 52 South. 530; 189 Ala. 446, 66 South. 613; 147 Ala. 50, 41 South. 727; 37 N. Y. 468; 244 Pa. 559, 91 Atl. 224, L. R. A. 1915D, 785, Ann. Cas. 1915C, 421. The verdict was not excessive. 12 Ala. App. 474, 67 South. 801. The motion for new trial was properly overruled. 29 Cyc. 886; 98 Ala. 159, 13 South. 65; 198 Ala. 99, 73 South. 416; 12 Ala. App. 642, 68 South. 516; 201 Ala. 545, 78 South. 899.

GARDNER, J. The foregoing statement of the case will suffice for an understanding of the questions here presented.

Plaintiff, a former employé of the defendant, went to the factory on the regular pay day to receive the wages due her at the time she quit its employ, and insists that she was cursed, assaulted, and otherwise abused by the defendant's superintendent then in charge of the factory, and by Mrs. Della Maxwell, referred to as "floor lady," who made up the pay roll and paid off the employés.

[1] There is no insistence made that the defendant would not be responsible for the assault made by the superintendent; but the argument is advanced, and a charge to this effect was requested, there could be no liability for the assault committed by Mrs. Maxwell, upon the theory that she was not acting within the line and scope of her employment, but from personal motives and malice, citing, among our cases, Wells v. Henderson Land & Lbr. Co., 200 Ala. 262, 76 South. 28, L. R. A. 1918A, 115; Palos Coal & Coke Co. v. Benson, 145 Ala. 664, 39 South. 727; West. Ry. Co. v. Milligan, 135 Ala. 205, 33 South. 438, 93 Am. St. Rep. 31; Republic Iron & Steel Co. v. Self, 192 Ala. 403, 68 South. 328, L. R. A. 1915F, 516; Kirby v. L. & N. R. R. Co., 187 Ala. 443, 65 South. 358. As appears in the statement of the case, Mrs. Maxwell was in charge of the packing department; had authority to hire or discharge the girls in the defendant's employ, kept their time and made up the pay rolls, and at the time of the difficulty had fixed the envelopes and pay roll and was ready to pay off; that plaintiff went there for the sole purpose of receiving her pay, and, according to her theory of the case, after a few words had passed following her demand for the money, Mrs. Maxwell assaulted her. Under these circumstances, upon the

following authorities from this court, the charge was properly refused. Gassenheimer v. West. Ry. of Ala., 175 Ala. 319, 57 South. 718, 40 L. R. A. (N. S.) 998; Case v. Hulsebush, 122 Ala. 212, 26 South. 155; Jebeles-Colias Conf. Co. v. Booze, 181 Ala. 456, 62 South. 12; Hardeman v. Williams, 169 Ala. 50, 53 South. 794.

[2] It is next most strenuously insisted that the declaration of Stamps, as testified to by witnesses for the plaintiff, was illegal and mere hearsay, and therefore should not have been admitted. Counsel for appellant, however, argue the question upon the theory that the difficulty occurred upstairs, and could not have been seen by Stamps, and he was not a bystander, and therefore his declaration was but a mere statement made by a third party after the difficulty, and in any event but a mere threat as to what witness would do upon the happening of a certain contingency. While the difficulty had its beginning upstairs, yet, according to the theory of the plaintiff, she was running to escape both Mrs. Maxwell and Serio, and as she reached the stairway Serio still threatened that if she did not stop her cries for help he would push her down the steps, and that she ran down the stairs with Serio following her. From the standpoint of the defendant, Serio's intentions were entirely innocent, and he meant no harm to the plaintiff as he followed her down the stairs; but, according to the plaintiff's theory, it was but a continuation of the difficulty, and the insistence is that the jury could infer the declaration of Stamps caused Serio to stop in his pursuit of the plaintiff, and thereby put an end to the continued assault. Upon this theory, therefore, the declaration of Stamps was admissible as a spontaneous utterance on the part of a bystander, tending to illustrate, explain, or characterize to some extent the act of Serio, and was admissible as a part of the res gestæ. Mobile & Montgomery Ry. Co. v. Ashcraft, 48 Ala. 15; Dismukes v. State, 83 Ala. 287, 3 South. 671; Johnson v. State, 102 Ala. 1, 16 South. 99; Glass v. State, 147 Ala. 50, 41 South. 727; Hartnett v. McMahan, 168 Mass. 3, 46 N. E. 392; 3 Wig. on Ev. § 1745 et seq.; Ala. City, G. & A. Ry. v. Heald, 178 Ala. 636, 59 South. 461.

[3, 4] Much stress is made in argument of counsel for appellant that the verdict was so contrary to the great weight of the evidence as to convince the court that it was palpably and plainly wrong, and should be set aside. The rule which controls the action of this court in questions of this character is well understood, and needs no repetition here. Each case must depend upon its own peculiar facts and circumstances as a careful study of the record impresses the judicial mind, and the mere fact of the superiority in number of witnesses is not to be considered alone as a determining factor. The evidence was in

sharp conflict, and has been given most careful consideration. We will enter into no detailed discussion of it here, but suffice it to say, after a most mature consideration of the record, we are unwilling to disturb the judgment of the trial judge, who saw and heard the witnesses, in denying the motion for a new trial upon this ground.

[5] Nor do we think a new trial should be awarded for newly discovered evidence. When the general nature of the affidavit of counsel for defendant is viewed in the light of a previous trial, where the declarations of witness Stamps were admitted in evidence, we are of the opinion that a sufficient showing of due diligence has not been made. L. & N. R. R. Co. v. Burke, 198 Ala. 99, 73 South. 416.

[6] The only remaining question relates to the excessiveness of the verdict. It is to be remembered, in passing upon questions of this character, the verdict of the jury is not to be set aside merely because in the opinion of the court the jury gave too much; but the question is whether or not the amount is so excessive as to be indicative of prejudice, passion, partiality, or corruption on the part of the jury. Cent. of Ga. Ry. Co. v. White, 175 Ala. 60, 56 South. 574. We find nothing in this record appealing to the prejudice or passion of the jury, and if the judgment is to be disturbed the ruling must rest solely upon the excessiveness of the amount awarded.

[7] If the plaintiff's theory is to be accepted she was the innocent victim of an unprovoked assault upon her person under the most humiliating circumstances, and there can be no question but the evidence justified the awarding of punitive damages. In such a case the jury is authorized to exercise a wide discretion, and the conclusion has been reached that the verdict should not be disturbed upon this ground.

It results that the judgment of the trial court will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.