164 So. 385

## LERNER SHOPS OF ALABAMA v. RIDDLE.

### 6 Div. 638.

Supreme Court of Alabama.

Nov. 14, 1935.

Rehearing Denied Dec. 12, 1935.

Jas. S. Edson, of Birmingham, for appellant.

B. F. Smith, of Birmingham, for appellee.

BOULDIN, Justice.

The action is for the tortious procurement of the discharge of plaintiff by her

271

employer. The wrongful act is laid in the complaint to one Leonard, an agent of defendant, acting within the line and scope of his employment.

The questions here presented for review go to the liability, vel non, of the defendant, Lerner Shops of Alabama, Inc., for the acts of Leonard, under the doctrine of respondeat superior.

Associated Lerner Shops of America Inc., a Delaware corporation, with offices in New York City, operates stores in several states under the name of "Lerner Shops." The shops in Alabama are operated through an Alabama corporation, Lerner Shops of Alabama, Inc., whose stock is owned by the parent corporation.

Plaintiff, Mrs. Effie Riddle, a customer of the Birmingham store, had a difference or controversy with the management, touching some purchases, resulting, as evidence tends to show, in threatened litigation. Mrs. Riddle was at the time in the employ of Del Monte Cafeteria. Employees of Lerner Shops were customers of this cafeteria.

Leonard, who was also a customer at the cafeteria when in Birmingham, is charged in the complaint with having procured the discharge of plaintiff by threatening her employer with a withdrawal of patronage by Lerner Shops' employees.

The evidence on this issue was in conflict, but clearly presented a question for the solution of the jury.

Whether the Alabama corporation is liable for the acts of Leonard in this regard involves two related inquiries:

First, was Leonard an agent of the Alabama corporation while in Alabama performing duties in connection with the Alabama shops?

He was known as district supervisor. His supervision, whatever its scope, extended to stores in Alabama, Tennessee, and Georgia. Without dispute, he was employed by the parent company, Associated Lerner Shops of America, Inc., which company paid his salary and expenses. He reported to that company from time to time. But the corporate set-up, looking to operation of the Alabama business through a local subsidiary corporation, rather than a foreign corporation, subject to the conditions prescribed by law touching such corporations, implies that the several agents and employees, while in Alabama performing duties relating to the Alabama business were acting

for and on behalf of the Alabama corporation. Otherwise, the local business would not be conducted by the Alabama corporation, and the creation of two distinct corporate entities, one functioning locally and the other exercising control over the local corporation through the head office, would fail of its purpose.

 The other related inquiry is whether Leonard, in the matters complained of, was acting within the line and scope of his employment?

The rule in this regard is: "The principal is responsible for the acts of his agent done within the scope of his employment, and in the accomplishment of objects within the line of his duties, though the agent seek to accomplish the master's business by improper or unlawful means, or in a way not authorized by the master, unknown to him, or even contrary to his express direction. The legal aspect of such a case is not changed because the agent superadds malice or other personal motive to his wrongful act." Hardeman v. Williams, 169 Ala. 50, 57, 53 So. 794, 796; United States Fidelity & Guaranty Co. v. Millonas, 206 Ala. 147, 89 So. 732, 737, 29 A. L. R. 520; Birmingham Macaroni Co. v. Tadrick, 205 Ala. 540, 88 So. 858; Gassenheimer v. Western Railway of Alabama, 175 Ala. 319, 57 So. 718, 40 L. R. A. (N. S.) 998; Jebeles-Colias Conf. Co. v. Booze, 181 Ala. 456, 62 So. 12.

The evidence is not in entire harmony as to the scope of Leonard's employment in relation to the conduct of the local shop. It appears there was a local manager of the Birmingham store, selected by the head management; that Leonard had no authority to discharge such manager or employees of the local corporation.

Other evidence, however, tends to show his employment was that of sales supervisor, that when present he had supervision over the local management, was the head man of the organization on the ground in promoting sales. Among such duties was supervision of the make-up of the stock, its display, etc.

But tendencies of the evidence do not limit his authority to these matters.

Adjustment of complaints by dissatisfied customers, avoidance of litigation charging mistreatment of customers, have such relation to the promotion of sales, that it cannot be said, as matter of law, this was outside the scope of employment of a sales super-

visor. That Leonard went about this by coercive measures to silence complaint and head off litigation, if plaintiff's version be believed by the jury, would not remove his activities from the line and scope of his employment under the rule reiterated above.

Our conclusion is the liability of defendant vel non under the doctrine of respondeat superior was a question for the jury under the evidence and reasonable inferences deducible therefrom.

Affirmed.

GARDNER, FOSTER, and KNIGHT, JJ., concur.

### On Rehearing.

The court has fully considered the motion for new trial on the ground that the evidence does not sustain the complaint, and on the ground that the verdict is opposed to the great weight of the evidence.

 Our conclusion is the evidence did tend to prove the cause of action stated in the complaint; and, in the light of the presumptions we must indulge in favor of the verdict of the jury, and the ruling of the trial Judge, it cannot be held the verdict is plainly and palpably wrong and unjust.

Application overruled.

GARDNER, FOSTER, and KNIGHT, JJ., concur.