67 So.2d 56

**BIRMINGHAM ELECTRIC CO.**
**v. HAWKINS.**

**6 Div. 494.**

Court of Appeals of Alabama.

Aug. 11, 1953.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellant.

Crampton Harris, Birmingham, and Brown & Gordon, Birmingham, for appellee.

**PRICE, Judge.**

This action was brought against Birmingham Electric Company to recover damages for an assault upon plaintiff by defendant's bus driver.

Plaintiff was driving his automobile, his wife and her young brother being with him at the time. Defendant's bus, a trolley coach, was operated by Mr. Wint. Plaintiff contends the bus driver ran him so close to the curb he was forced to stop at Seventeenth Street, and the bus driver blew his horn and blinked his lights at his car several times. The bus driver contended plaintiff kept slowing down and starting up again, refusing to let him pass.

Both vehicles proceeded out Third Avenue and turned into Ensley Avenue. At the time of this occurrence there were street car tracks in the center of Ensley Avenue, with a concrete wall along each side of the tracks which divided the traffic. The automobile turned left, crossed the street car tracks and stopped a few feet off Ensley on Court R. It is plaintiff's claim that when the automobile started to turn off the bus route the bus driver hollered to plaintiff and told him to stop. The bus driver left his bus, walked across Ensley Avenue and up Court R to the automobile. Plaintiff contends he was very angry, held a nickel plated revolver with the hammer pulled back, up close to the occupants of the car, and greeted them with the remark, "What do you all mean? Don't you know I got a schedule to make, and you all don't need to be blocking traffic."

Defendant's version was that when he saw the automobile stopped on Court R he walked over to apologize, but said nothing about a schedule, and that he had been punching transfers and still had the punch in his hand.

The question presented for our decision is, was the bus driver acting within the line and scope of his employment so as to render this defendant liable under the doctrine of respondeat superior?

■ It is firmly established that in order to render the master liable for injury caused by the servant's wrongful or negligent act, such act must be not only within the scope of his employment, but must also be committed in accomplishment of objects within the line of his duties, or in or about the business or duties assigned to him by his employer. Perfection Mattress & Spring Co. v. Windham, 236 Ala. 239, 182 So. 6.

■ It is also well established that where the servant or agent abandons the master's business for personal reasons of his own, the employment is suspended and the master is not liable for the acts of his servant during such suspension of employment and during the time of his departure from the master's business. In determining whether the acts of the servant are within the scope of his employment so as to render the master liable each case must be ruled by its own particular facts. Bell v. Martin, 241 Ala. 182, 1 So.2d 906; Western Union Telegraph Co. v. Hill, 25 Ala. App. 540, 150 So. 709, certiorari denied 227 Ala. 469, 150 So. 711; Hardeman v. Williams, 150 Ala. 415, 43 So. 726, 10 L.R.A., N.S., 653; Great Atlantic & Pacific Tea Co. v. Lantrip, 26 Ala.App. 79, 153 So. 296; Birmingham News Co. v. Browne, 228 Ala. 414, 153 So. 889.

The following rule as to the liability of the master for damages arising from an assault and battery committed by the servant is laid down in 57 C.J.S., Master, and Servant, § 575, page 339:

"A master is liable to a third person on whom an assault and battery is wrongfully made by his servants while acting within

284

the scope of their employment, that is, whenever the nature of the employment authorizes the servant to use force, and he improperly exercises such authority against a person who is not in fault, or uses more force than the circumstances of the case require."

We are not cited to nor have we found an Alabama case involving an identical factual situation as is presented here.

In Plotkin v. Northland Transp. Co., 204 Minn. 422, 283 N.W. 758, 759, the driver of defendant's bus had trouble in passing plaintiff's car, and after the bus got ahead it stopped at an intersection and the driver walked back to plaintiff's car, stopped at the same crossing, and after an exchange of words about plaintiff's previous failure to let the bus pass, the driver struck plaintiff. The court observed:

"It is not enough to make liability for the master that a battery by his servant would not have occurred except for the employment. The employment must be something more than mere occasion for the fracas. 'It surely cannot be true that because the master has entrusted to a servant the performance of a duty, the master can be held responsible for whatever method the servant may adopt in attempting to perform it.'" Citing 2 Mechem, Agency, 2d Ed., Section 1978. The opinion further stated: "It is not sufficient that the battery is due to anger arising from performance of the servant's duties. Brown v. Boston Ice Co., 178 Mass. 108, 59 N.E. 644, 86 Am. St.Rep. 469; or that the battery may advance or be intended to advance the master's interests. Morin v. People's Wet Wash Laundry Co., supra [85 N.H. 233, 156 A. 499]; Rudgeair v. Reading Traction Co., 180 Pa. 333, 36 A. 859 (facts much similar to the instant case except that the person battered by defendant's motorman was at the very moment blocking the advance of defendant's street car.) * * * If defendant's bus driver, in passing plaintiff's car on the road, had run into it, intentionally or negligently, defendant might have been liable as for a tort committed by its servant in the course of his employment. That result would not follow, however, if after a collision on the highway and after both cars had come to rest, the bus driver had done as he did here and had assaulted plaintiff to satisfy anger arising from a past occurrence and not at all in furtherance of defendant's interest in having its bus keep on schedule."

In Georgia Power Co. v. Shipp, 195 Ga. 446, 24 S.E.2d 764, 767, the bus driver seemed to be unaware of the fact that he had struck plaintiff's automobile and plaintiff "hollered at the driver and told him he had hit my fender." The driver paid no attention, and plaintiff, thinking the driver had not understood, followed the bus for a block and when the bus stopped, the plaintiff stopped adjacent to the bus on the left side. The driver got out of the bus and went to the left side of plaintiff's automobile where the assault was made. The court held the driver was acting not in pursuance of the master's business, but for the purpose of engaging "'in an act wholly personal to himself, the gratification of his anger and resentment at the conduct of the plaintiff, and not in an act in the scope of his employment with the master.' * * The fact remains that in disembarking from the bus and going out into the street to the automobile of the plaintiff, to do an act wholly personal to himself and in which his master had no interest, he deserted his post of duty and stepped aside from his master's business, and the relation of master and servant was for that period suspended."

Applying the principles announced in the authorities cited, supra, to the act here complained of, it is manifest that Wint was not acting within the scope of his employment, but was performing an act entirely personal to himself and not in the prosecution of the master's business.

There is no merit in counsel's insistence that the evidence shows that the crowding of plaintiff's car into the curb so that he would have crashed into a telephone pole if the brakes had not been fixed that day; the following of plaintiff's automobile behind the bus until he reached Warrior Road, where the car turned off on a short cut and got ahead of the bus; the action

of the bus driver in blowing his horn and blinking his lights at plaintiff's car for five blocks when the bus again overtook it; the hollering of the bus driver for plaintiff to stop as he turned off the bus route, were all a continuous sequence of events culminating in the assault, and constituted a single transaction, beginning while the servant was acting within the line and scope of his employment, rendering the master responsible for the entire transaction. The situation here is analogous to that presented in the case of Wells v. Henderson Land & Lumber Company, 200 Ala. 262, 76 So. 28, 30, L.R.A.1918A, 115, where several of the cases cited by appellee here were distinguished from the case then before the court. Judge McClellan there observed: "Besides, the facts and circumstances involved in these cases * * * readily distinguish them from the case under consideration. In all of them the assaults bore an immediate relation to elements of the duty and authority committed to the assaulting agent of the defending principal."

Defendant was entitled to the general charge, and for this error the judgment is reversed and the cause is remanded.

Reversed and remanded.