Plaintiff Edward O. Plaisance brought suit against defendant Ivory Yelder for an alleged assault and battery inflicted upon him by Yelder in a fight which ensued following a collision between Plaisance's automobile and a Montgomery Ready Mix truck driven by Yelder. A jury verdict awarding Plaisance compensatory and punitive damages against Yelder is not at issue on appeal. Plaisance's claim against defendant Montgomery Ready Mix, Inc. was based on the doctrine of respondeat superior. At the close of Plaisance's case in chief, the trial court granted a directed verdict in favor of Montgomery Ready Mix. The propriety of this directed verdict is the issue Plaisance raises on appeal.
According to the record, Plaisance and Yelder were leaving a jobsite in Prattville, Alabama. Plaisance was driving his car in the right lane of the road. Yelder, in the Montgomery Ready Mix truck, was driving along the right shoulder attempting to merge into the lane of traffic. Although Yelder denied it, Plaisance testified that prior to the collision Plaisance stepped out of his car and warned Yelder not to hit his car with the truck. Eventually Yelder's path was blocked by a stop sign. On reaching this point, Yelder apparently pulled into the lane of traffic and collided with Plaisance's automobile. Plaisance testified that he got out of his car and walked around the back of it to see what damage it had sustained. At this time Yelder was apparently still sitting in the cab of the cement truck. When Plaisance approached him, Yelder stabbed him at least twice in the face with a screwdriver. Plaisance, according to his own testimony, then pulled Yelder out of the cab of the truck and the fight continued out into the street. It is undisputed that at the time of the incident Yelder was employed by Montgomery Ready Mix. He was en route to the washout area to clean out his cement truck after having made a delivery to the jobsite.
Plaisance asserts on appeal that the directed verdict in favor of Montgomery Ready Mix was improperly granted because there existed a genuine issue as to whether Yelder was acting within the line and scope of his employment with Montgomery Ready Mix at the time of the assault and battery on Plaisance.
In order to recover against a defendant under the doctrine of respondeat superior, the plaintiff must establish the status of master and servant and that the act done was within the line and scope of the servant's employment. Naber v. McCrory Sumwalt Construction Company, 393 So.2d 973 (Ala. 1981). This rule applies even where the wrong complained of was intentionally, willfully, or maliciously done in such a manner as to authorize a recovery for punitive damages. Anderson v.Tadlock, 27 Ala. App. 513, 175 So. 412 (1937). In extending the liability to a willful wrong, the motive behind the act does not defeat liability, Seaboard Air Line Railway Company v.Glenn, 213 Ala. 284, 104 So. 548 (1925) unless it can be shown that the servant acted from wholly personal motives having no relation to the business of the master. United States SteelCompany v. Butler, 260 Ala. 190, 69 So.2d 685 (1953). Whether the servant was actuated solely by personal motives or by the interests of his employer is a question for the jury. B.F.Goodrich Tire Company v. Lyster, 328 F.2d 411 (5th Cir. 1964);Craft v. Koonce, 237 Ala. 552, 187 So. 730 (1939). This is so if there is any evidence having a tendency either directly or by reasonable inference to show that the wrong was committed while the servant was executing the duties assigned to him.United States Steel Company v. Butler, supra; Lerner Shops ofAlabama v. Riddle, 231 Ala. 270, 164 So. 385 (1935). *Page 138 
In the instant case, Yelder was admittedly driving from the jobsite to the washout area when the collision occurred. As the supreme court found in Gassenheimer v. Western Railway ofAlabama, 175 Ala. 319, 57 So. 718 (1912), there is nothing in the facts before us to indicate, however remotely, that the assault grew out of anything other than the operation of the respective vehicles by Plaisance and Yelder. As inGassenheimer, we find the collision and subsequent fight could be considered part and parcel of one transaction.
Montgomery Ready Mix relies heavily on the decision inBirmingham Electric Company v. Hawkins, 37 Ala. App. 282,67 So.2d 56 (1953). In Hawkins, a bus driver allegedly left his bus and assaulted the occupants of a car which had been blocking his attempts to pass it. A judgment for the plaintiff was reversed on appeal. The appellate court found that the bus driver was not acting within the scope of his employment in assaulting the plaintiff.
The case is distinguishable, however, from the instant one. In this case there is evidence that the difficulty began while Yelder was still in the cab of his employer's truck. In AvcoCorporation v. Richardson, 285 Ala. 538, 234 So.2d 556 (1970), the trial court's refusal to direct a verdict for the employer-defendant was affirmed on appeal. In Avco, the supreme court noted that in cases where a servant's deviation from the master's business is slight and not unusual, the court may determine, as a matter of law, that the servant was still executing the master's business. On the other hand, with a very marked and unusual deviation, the court may determine that the servant is not on his master's business at all. Cases falling between these two extremes must be regarded as involving merely a question of fact to be left to the jury. Whether the assault and battery on Plaisance was committed in the line and scope of Yelder's employment with Montgomery Ready Mix is a case falling between the two extremes.
In considering the propriety of a directed verdict, our function is to view the evidence most favorable to the non-moving party. If, by any interpretation, it can support a conclusion in favor of the non-moving party, we must reverse.Herston v. Whitesell, 374 So.2d 267 (Ala. 1979). A directed verdict is proper in only two circumstances: First, where there is a complete absence of proof on an issue material to the cause of action, and second, where there are no controverted issues of material fact upon which reasonable persons could differ. Caterpillar Tractor Company v. Ford, 406 So.2d 854
(Ala. 1981). Rule 50, A.R.C.P. specifically incorporates the scintilla rule. Accordingly, "a question must go to the jury, if the evidence, or any reasonable inference arising therefrom, furnishes a mere gleam, glimmer, spark, the least particle, the smallest trace, or a scintilla in support of the theory of the complaint. . . ." Turner v. Peoples Bank of Pell City,378 So.2d 706, 709 (Ala. 1979) cited in Alabama Power Company v.Robinson, 404 So.2d 22 (Ala. 1981).
The directed verdict in favor of Montgomery Ready Mix was improperly granted. This cause is due to be reversed.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.