MEDLIN MILLING COMPANY v. E. M. BOUTWELL.

No. 2105.   Decided February 8, 1911.

**1.—Master and Servant—Assault by Servant.**

The master is not liable to a servant for an assault upon him by other servants in no way connected with their duties to the employer—As where employees of a milling company, in pursuance of a custom before practiced, undertook to "initiate" a new employee into the service by stretching him across a barrel and "paddling" him, and he was injured in resisting such violence. (Pp. 88-90.)

**2.—Same—Acquiescence of Officers.**

The knowledge and acquiescence of officers or managers of a company in a custom of rude frolic by employees in receiving a new one into the service, amounting to assault and inflicting injury, was not within the scope of their authority or in the company's service, and it was not rendered liable to the injured party by such acquiescence. (Pp. 88, 89.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Hunt County.

Boutwell sued the milling company and had judgment. Defendant appealed, and on affirmance obtained writ of error. On a former trial a demurrer to plaintiffs petition was sustained, but this ruling was reversed on his appeal. Boutwell v. Medlin Milling Co., 108 S. W., 1025.

*J. T. Jones,* for plaintiff in error.—Where the employees of a corporation step aside from the prosecution of its work or business to engage in an affair wholly their own, they cease for the time being to act for the corporation, and the responsibility for that which they do in pursuing their own business or pleasure is upon them alone, the corporation being in no wise responsible for the result of their acts done entirely outside of the scope of their employment and not in furtherance of the corporation's business or for its benefit. Railway Co. v. Anderson, 82 Texas, 516; Railway Co. v. Cooper, 88 Texas, 607; Railway Co. v. Curry, 16 Texas Ct. Rep., 870; Railway Co. v. Henefy, 18 Texas Ct. Rep., 407; Wood on Master and Servant (2d ed.) secs. 2779, 280, 281.

The manager, vice-principal or any superior officer in order to render the corporation liable for his acts must, as well as subordinate employees, himself be acting in the discharge of his duty, within the scope of his employment and in the furtherance of the corporation's business. 2 Labatt on Master and Servant, sec. 537.

If the act complained of is done by the servant within the scope of his employment the authority may be express or implied, but if it is done entirely out of the scope of his employment or is an act that

the master himself can not lawfully do the authority will not be implied. Wood on Master and Servant (2d ed.) sec. 285; 2 Labatt on Master and Servant, sec. 537; Dillingham v. Russell, 73 Texas, 54.

*J. P. Copeland, J. P. Yates,* and *H. L. Carpenter,* for defendant in error.—A corporation is liable for all wrongful acts committed or authorized by it to the same extent as natural persons, except (1) Where the corporation is engaged at the time in an enterprise or field of business foreign to the purposes of its corporate existence; (2) Or where the wrong complained of was a breach of some duty the corporation did not and could not legally owe to the injured party. 1 Cooley on Torts (3d ed.), pp. 198, 200, 205- note; 1 Cook on Corporations, sec. 15b; 7 Am. & Eng. Ency. of Law, 325; West Va. Transp. Co. v. Standard Oil Co., 88 Am. St., 895.

Authority from the principal to the servant or agent is either express or implied; and may be implied from the servant's long continued custom of doing the act in question with the knowledge, acquiescence and assent of the superior officers of the master, where the master is a corporation. Texas & N. O. Ry. Co. v. Buch, 102 S. W., 125; Houston & T. C. Ry. Co. v. Rutherford, 94 Texas, 518; St. Louis & S. W. Ry. Co. v. McArthur, 31 Texas Civ. App., 205.

Mr. Justice Williams delivered the opinion of the court.

This writ of error is prosecuted from the judgment of the Court of Civil Appeals affirming that of the District Court in favor of defendant in error (plaintiff) against plaintiff in error (defendant) for damages for a personal injury inflicted on the plaintiff, a new employee of defendant, by its other employees, while attempting, in sport, to lay him across a barrel for the purpose of paddling him, a process which they called the "initiation" into the service.

The defendant is a milling corporation and at the time in question and for years before had a president, general manager, foremen and other employees and servants.

The custom of "initiating" all new officers and employees, from the president to the lowest, in the manner indicated, which had commenced several years before plaintiff's entrance into the service, seems to have been observed with reference to all with perfect impartiality and it is, perhaps, needless to add that they all knew of it. About a week after plaintiff's employment, several of the employees, including one of the foremen, attempted to subject him to the process and a struggle followed in which he received the injuries of which he complains.

These seem to us to be all the facts to be taken into consideration in reaching a decision, and we can discover in them no basis for legal liability on the part of the defendant. The defendant was held responsible for the assault committed by persons in its service because the practice had been pursued with the knowledge and acquiescence of those who were its officers and managers, which fact was held to justify the finding that defendant had authorized the assault. But what, we may ask, as such officers and managers, had they to do with the custom? It was a practice of the men who

happened to be officers, or employees, of the corporation in an affair of their own and not in or about any business of that corporation. Officers as well as employees were engaged in it as individuals and not as representatives of the company. Their knowledge of and acquiescence in it was simply that of men concerning the conduct of persons pursuing exclusively their personal ends. About a matter of that kind they were wholly without authority to act for or bind their principal. It is in the assumption that the conduct of the officers with reference to such a matter is to be treated as that of the corporation the fallacy lies. Such a proposition is true only when the officer acts, or fails to act, in some business of the corporation, the conduct of which lies within the scope of his authority and in which he is employed to represent it. That a corporation may expressly or impliedly authorize the commission of assaults and be made liable for those committed by its agents which it so authorizes, is undoubtedly true; but it does not authorize its employees to commit assaults merely by employing and failing to restrain them. The assault, unless expressly authorized, must come within the scope of that which the servant is employed to do. Nor does it by the mere selection of officers empower them to make it responsible for their action or nonaction in or about matters entirely outside the sphere of its business. In such affairs the officers and employees do not act or acquiesce as representatives but as free agents, responsible for their own conduct. We believe that the full law of this case is contained in the following passage from Labatt's "Master and Servant," sec. 537:

"Whatever difference of opinion there may be as to the character of the relations which must be shown to exist between the delinquent and the injured employees, in order to affect the master with liability, it is universally agreed that the general rules of the law of agency are controlling in all cases to this extent, that, on the one hand, if the act was within the scope of such employee's authority, the master can not escape liability on the ground that it was done in direct violation of his orders, and that on the other hand, there can be no recovery, where the act or order which caused the injury was entirely outside the scope of the authority of the delinquent employee. If the act or order had no reference to the master's concerns, there is, of course, no liability on the master's part. But even if this point is determined in the plaintiff's favor, he must still fail, unless he can show that the superior servant had authority, either express or implied from the nature of his functions and the regular course of the business, to do the act or give the order alleged to be negligent. The ultimate and essential question is whether the vice-principal had ostensible authority to give the orders which led to the injury. Hence, if a representative capacity is bestowed upon a superior servant by general directions to obey his orders, that capacity continues, so far as the subordinate receiving those directions is concerned, until he is actually informed that the authority so given has been withdrawn or restricted. But in cases of this class it is held that the mere belief of the injured servant that he had been directed to obey the orders of the delinquent will not be sufficient to fasten responsibility on the employer, if, as a matter of fact, no such directions had ever been

given. In most kinds of business authority to commit acts of personal violence amounting to a battery can not be inferred, for this reason, if for no other, that larger powers can not be·imputed to an agent than the principal himself possesses. A master, therefore, can not ordinarily be held liable for the act of a supervising employee in beating a subordinate, even though it was for the purpose of furthering the master's business by compelling him to work."

An employer may become liable for negligently exposing a servant to a hidden danger, known to the master and·unknown to the servant, which is to be incurred by the latter in doing the work which he is employed to do, although it arise from the conduct of strangers, but no such case is either alleged or proved. (1 Labatt, sec. 128 and cases cited.) It is not the legal duty of the master to protect the servant from unlawful assaults by strangers, and another servant committing such an assault, not in the scope of his employment, must be regarded as a stranger. Questions somewhat like those here involved are discussed in Lewis' Adr. v. Taylor Coal Co., 112 Ky., 845, 66 S. W., 1045; Kelly v. Shelley R. Co. (Ky.), 22 S. W., 445.

No liability of the defendant having been shown, it is proper, in reversing the judgment, to render final judgment for defendant.

*Reversed and remanded.*

Chief Justice Brown disqualified and not sitting.