(100 South. 328)

# AMERICAN RY. EXPRESS CO. v. TAIT.
## (1 Div. 295.)

(Supreme Court of Alabama. Jan. 31, 1924. Rehearing Denied May 29, 1924.)

1. **Master and servant** ⬿329—Unnecessary to allege negligent act of servant was in interest of master.

It is unnecessary to allege that the negligent act of the servant complained of was in the interest of the master or was in the prosecution of his business.

2. **Railroads** ⬿274(2)—White man in colored waiting room held not trespasser.

A white man, unfamiliar with railroad station, was not a trespasser by reason of the fact that he was in the colored waiting room.

3. **Master and servant** ⬿304—Trespass by person injured by employee held immaterial.

That plaintiff had ridden as a trespasser on railroad prior to his injury by an express messenger handling a pistol in waiting room of station, for which plaintiff brought suit against express company, held immaterial.

4. **Master and servant** ⬿302(2) — Express messenger handling pistol causing injury held not within scope of employment.

Where an express messenger, in demonstrating to a friend a pistol he was required to carry, shot a passenger while the train was standing at the station, held that the messenger was acting without the line and scope of his authority, and express company was not liable.

5. **Weapons** ⬿18(1) — Firearms "dangerous instrumentalities."

Firearms are "dangerous instrumentalities" within the principle that one who employs highly dangerous agencies in the transaction of his business is bound to exercise, as to

third persons, a degree of care proportionate to the danger.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Dangerous Instrumentality.]

**6. Master and servant** ☞304—**Rule concerning care by master using dangerous instrumentality held inapplicable to injury by servant using own pistol.**

The rule that one who employs highly dangerous instrumentality in the transaction of his business is held, as to third persons to a degree of care proportionate to the dangers, did not apply to render master liable for servant's discharge of his own pistol, which he was using because through his neglect one furnished by master was not in working order.

Appeal from Circuit Court, Baldwin County; John D. Leigh, Judge.

Action for damages by Harry E. Tait against the American Railway Express Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Counts 5 and 7 of the complaint are as follows:

"(5) The plaintiff claims of the defendant twenty-five thousand ($25,000) dollars, damages for that heretofore, on to wit, November 4, 1921, W. D. Odom was in the employ of the defendant as an express messenger and was in charge of a car then being used by the defendant in carrying express matter, which said car was being transported by the Louisville & Nashville Railroad Company on that day. The plaintiff further avers that the said W. D. Odom was required by defendant to travel armed for the protection of express matter while he was in charge of said car, and that on, to wit, the said 4th day of November, 1921, while the said W. D. Odom was in charge of the said car for and on behalf of the defendant he had in his possesion a loaded pistol for the purpose of protecting the express matter, and that the said agent of the defendant, while in said charge of said car and in the possession of the said pistol, while acting within the line and course of his employment was negligent in and about the custody of the said pistol, and as the proximate result thereof the plaintiff, while he was in a waiting room of the passenger station of the Louisville & Nashville Railroad Company, at Bay Minette, Ala., was shot in the left knee, and as the proximate result of said injury the plaintiff has been confined to bed for that time up to and including the present time, and has suffered and still suffers great physical pain and mental anguish, and will continue in the future to suffer physical pain and mental anguish, will incur in the future much expense for medicine and medical treatment, has been unable to work since said time, and will be unable to work for a long period hereafter, and his earning power is permanently reduced, and he is permanently disabled and disfigured."

"(7) Plaintiff claims of the defendant the further sum of twenty-five thousand dollars damages, for that heretofore on, to wit, November 4 1921, while plaintiff was in a waiting room of the passenger station of the Louisville & Nashville Railroad Company, at Bay Minette, Ala., in this county, he was wounded in the left knee by a bullet discharged from a deadly weapon, to wit, a pistol, in the hands of one W. D. Odom, a servant or agent of the defendant American Railway Express Company, then in charge as express messenger of a railway express car. And plaintiff says that by reason of said wound and as a proximate consequence thereof, he was caused to be sick for a long time and to be confined to bed; that he lost and will lose much time from his employment; that he suffered and still suffers great and severe pain and mental anguish; that his knee was caused to become permanently stiff and useless to him; and that he was permanently disfigured and disabled and rendered less able to work and earn money, all to his damage as aforesaid. And plaintiff alleges that his said injury and damages were approximately caused by the negligence of the defendant, acting through its said servant or agent, in this, that the defendant required its express messengers and said Odom to go armed, or have in said car readily accessible a deadly weapon, to wit, a pistol, for the defense of the property intrusted to their care, and plaintiff says that it thereupon became and was the duty of defendant, by its messengers in possession of such deadly weapons, to carefully handle the same, so as not to inflict hurt upon others, but that the said Odom, who in pursuance of defendant's said requirement was armed or had said pistol readily accessible in said car, and who was then and there in charge of said car as aforesaid, so negligently handled the same while acting within the line and scope of his authority as that said pistol exploded or was discharged and injured plaintiff as aforesaid."

Webb & Shepard, of Mobile, and Stone & Stone, of Bay Minette, for appellant.

Every complaint for negligence must show a relation between the parties out of which arises a duty owing from the defendant to the plaintiff. Republic I. & S. Co. v. Williams, 168 Ala. 612, 53 South. 78; Ala. Great So. v. Pouncey, 7 Ala. App. 548, 61 South. 601; Ill. Cent. v. Elliott, 17 Ala. App. 134, 82 South. 582; T. C. I. Co. v. Smith, 171 Ala. 251, 55 South. 172. The act must have been done, not only in course of employment, but in the accomplishment of objects in line of his duties. Palos Coal & Coke Co. v. Benson, 145 Ala. 664, 39 South. 727. The general affirmative charge should have been given in this case, because the evidence did not show that the act complained of was done in the actual scope of the servant's employment, and in the accomplishment of objects in the line of his duties, or to promote any purpose in which the master was interested. Republic I. & S. Co. v. Self, 192 Ala. 403, 68 South. 328, L. R. A. 1915F, 516; Wells v. Henderson Lbr. Co., 200 Ala. 262, 76 South. 28; L. R. A. 1918A, 115; Goodloe v. M. C. R. Co., 107 Ala. 233, 18 South. 166, 29 L. R. A. 729, 54 Am. St. Rep. 67; Amer. Ry. Exp. Co.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

v. Wright, 128 Miss. 593, 91 South. 342, 23 A. L. R. 127; Medlin Mill Co. v. Boutwell, 104 Tex. 87, 133 S. W. 1042, 34 L. R. A. (N. S.) 109; Guille v. Campbell, 200 Pa. 119, 49 Atl. 938, 55 L. R. A. 111, 86 Am. St. Rep. 705; Magar v. Hammond, 183 N. Y. 387, 76 N. E. 474, 3 L. R. A. (N. S.) 1038; 6 Labatt, Master and Servant, 6864; Huffcut, Agency, (2d Ed.) § 148; Davis v. Green, 260 U. S. 349, 43 Sup. Ct. 123, 67 L. Ed. 299.

Outlaw & Kilborn, of Mobile, for appellee.

The demurrers to amended counts 5 and 7 were properly overruled. So. Ry. v. Wildman, 119 Ala. 565, 24 South. 764; Miller-Brent Lbr. Co. v. Stewart, 166 Ala. 657, 51 South. 943, 21 Ann. Cas. 1149; Gassenheimer v. W. Ry. of Ala., 175 Ala. 319, 57 South. 718, 40 L. R. A. (N. S.) 998; Avondale Mills v. Bryant, 10 Ala. App. 507, 63 South. 932; T. C. I. R. Co. v. Rutledge, 196 Ala. 59, 71 South. 990; Jones v. Strickland, 201 Ala. 135, 77 South. 562; Penticost v. Massey, 201 Ala. 261, 77 South. 675; Pizitz Dry Goods Co. v. Cusimano, 206 Ala. 689, 91 South. 779; Ala. Fuel & Iron Co. v. Bush, 204 Ala. 658, 86 South. 541. The general affirmative charge for defendant was properly refused. Standard Coop. Co. v. Dearman, 204 Ala. 553, 86 South. 537; Brown v. Mobile Elec. Co., 207 Ala. 61, 91 South. 802; Mutual Ins. Co. v. Mendelbaum, 207 Ala. 234, 92 South. 440; Cleveland Mfg. Co. v. So. Co., 204 Ala. 297, 85 South. 535; 12 A. & E. Ecy. Law (2d Ed.) 518; Ga. Pac. v. Propst, 83 Ala. 518, 3 South. 764; 3 Labatt (2d Ed.) 2835.

GARDNER, J. Plaintiff in this action received a wound in the knee as a result of the accidental discharge of a pistol while in the hands of one Odom, an express messenger of the appellant, American Railway Express Company, and from the judgment recovered in his favor the defendant has prosecuted this appeal.

The cause was tried upon issue joined upon counts 5 and 7, and the sufficiency of these counts as against the demurrer interposed is the first question presented for consideration.

[1] It is well established by the decisions of this court that in cases of this character it is unnecessary to allege that the negligent act complained of was in the interest of the master, or was in the prosecution of the business of the master, as the act may be within the scope of the agent's or servant's authority, and yet not be in the interest of the master or in the prosecution of the master's business. This was expressly held in the comparatively recent case of Jones v. Strickland, 201 Ala. 138, 77 South. 562, which contains citation of numerous authorities. See, also, Southern Ry. Co. v. Wildman, 119 Ala. 565, 24 South. 764; Gassenheimer v. Western Ry. Co., 175 Ala. 319, 57 South. 718, 40 L. R. A. (N. S.) 998; Miller-Brent Lbr. Co. v.

Stewart, 166 Ala. 657, 51 South. 943, 21 Ann. Cas. 1149. The demurrer was properly overruled.

It is next strenuously insisted that under the evidence in this case the defendant was entitled to the affirmative charge, and this we consider the question of prime importance upon this appeal. A very brief reference to the testimony is necessary.

[2, 3] The accident occurred on November 4, 1921, while the plaintiff was standing in the colored waiting room of the passenger depot at Bay Minette. The testimony tends to show that he was in the depot at that particular time to meet a friend named Harris, and that he also intended, upon seeing Harris, to board the train for Mobile, having in his possession cash to pay his fare. Plaintiff was a white man, but unfamiliar with the station, and we do not consider that the fact he was in the colored waiting room has any material bearing upon the case. If the evidence was to be believed by the jury, he was not a trespasser as contended by counsel for appellant. Southern Ry. Co. v. Bates, 194 Ala. 78, 69 South. 131, L. R. A. 1916A, 510; Widener v. A. G. S. R. R. Co., 194 Ala. 115, 69 South. 558. Nor do we see that the fact plaintiff had ridden as a trespasser on the defendant's railroad from Mobile to Bay Minette affects the legal aspect of his case in the light of the testimony above referred to, showing that the wound was received while he was in the waiting room of the depot, and that he was there for the purpose of meeting a friend, and also as a prospective passenger.

The evidence further tends to show that the defendant required express messengers on important runs to be armed, and the rules disclose that these messengers were furnished with a pistol and ammunition to be used in defense of themselves and the property in their care should occasion demand. The messengers were required to keep their firearms in good working condition under penalty of dismissal; no excuse being accepted for failure to keep the firearms in condition and ready for instant use.

W. D. Odom was the express messenger on this train, and had in his possession an Iver-Johnson .38 pistol, furnished by the defendant company, and also a Smith & Wesson hammerless pistol which was his own or his mother's. There was evidence tending to show that the Iver-Johnson pistol furnished by the company had gotten wet, and was not in good working order, and that he had not had time to clean it, and for this reason had taken his own pistol, the Smith & Wesson, on this trip. While the train was standing at the station at Bay Minette on the day of the accident, and after Odom's duties as express messenger had been discharged, one Stuart, a clerk at the depot, while in the express car, noticed the two pistols on the rack where they were usually kept, and asked

Odom what he was "doing with so much artillery." Stuart's testimony is to the effect that Odom in response to his request took the pistol from the rack and was showing him how it worked when it was accidentally discharged. Odom's testimony does not materially differ from that of Stuart's, except in one particular, wherein Odom states that Stuart first took the gun from the rack, and that he (Odom) then took it from Stuart's hands, to show him how it worked. The bullet seems to have gone through the side of the express car, striking the plaintiff in the knee, inflicting a very serious wound as the result of which—according to plaintiff's evidence—he has lost the use of that limb.

[4] We are of the opinion that the agent in thus demonstrating the pistol to his friend had stepped aside from the master's business, and was acting without the line and scope of his authority, and that, so far as this theory of plaintiff's case is concerned, the defendant was entitled to the affirmative charge under the following, among other, authorities: Republic Iron & Steel Co. v. Self, 192 Ala. 403, 68 South. 328, L. R. A. 1915F, 516; Barker v. Milk Products Co., 205 Ala. 470, 88 South. 588; Wells v. Henderson Land & Lbr. Co., 200 Ala. 262, 76 South. 28, L. R. A. 1918A, 115; Goodloe v. Memphis, etc., R. R. Co., 107 Ala. 233, 18 South. 166, 29 L. R. A. 729, 54 Am. St. Rep. 67; Am. Ry. Ex. Co. v. Wright, 128 Miss. 593, 91 South. 342, 23 A. L. R. 127; Medlin Mill Co. v. Boutwell, 104 Tex. 87, 133 S. W. 1042, 34 L. R. A. (N. S.) 109; Guille v. Campbell, 200 Pa. 119, 49 Atl. 938, 55 L. R. A. 111, 86 Am. St. Rep. 705; Davis v. Green, 260 U. S. 349, 43 Sup. Ct. 123, 67 L. Ed. 299.

But it is insisted for the appellee that under the evidence a jury case was presented upon the principle that one who employs highly dangerous agencies in the transaction of his business "stands under the obligation of exercising, to the end that third persons shall not be injured through those agencies, a degree of care proportionate to the danger of such injury." 1 Thompson on Neg. § 523.

The following quotation from this same authority well illustrates the principle:

"If a person employing such an agency commits the custody of it to his servant, he thereby commits to the servant the obligation to discharge his own duty of caring for it so that it will not injure third persons. If, while so charged with this duty, the servant negligently abandons the custody of it, so that a third person is injured in consequence of this negligence, the master will be liable; and it will make no difference at all with his liability, whether, in so abandoning the duty, the servant did so for the purpose of effecting some purpose of his own, or in furtherance of the business of his master. In either case the master has committed to the servant the discharge of a duty which the law has imposed upon the master for the safety of third persons, and the servant has abandoned that duty, and this is enough to render the master liable, without any regard to the motive of the servant."

A discussion of this question may be found in the following authorities: Euting v. C. & N. W. R. R. Co., 116 Wis. 13, 92 N. W. 358, 60 L. R. A. 158, 96 Am. St. Rep. 936; Alsever v. Minn. & St. L. R. R. Co., 115 Iowa, 338, 88 N. W. 841, 56 L. R. A. 748; Sullivan v. Creed, 2 British R. C. 139; Pittsburg, etc., R. R. Co. v. Shields, 47 Ohio St. 387, 24 N. E. 658, 8 L. R. A. 464, 21 Am. St. Rep. 840.

[5] Firearms are classed as dangerous instrumentalities within the influence of this principle, and many interesting cases may be found in the notes to section 782 et seq., 1 Thompson on Negligence, and 20 R. C. L. 52.

[6] All of the authorities, however, to which our attention has been directed, gave application to this principle only in those cases where the master had furnished the dangerous instrumentality. Here the master had furnished the agent with an Iver-Johnson pistol and ammunition for its use. The rules of the company required that he keep the pistol in good condition, and that the firearms so furnished should be left at the office of the company at the end of the route, and forbid the use of any ammunition other than that furnished by the express company. The rules also contain requirements to prevent the accidental discharge of firearms, among them, to the effect that if Colt revolvers are furnished, the employé must leave an empty chamber under the handle, likewise with a Smith & Wesson revolver, the cylinder of which must remain stationary when the hammer is down; but as to an Iver-Johnson revolver (such as was furnished the agent in the instant case) it is stated that it may be used with safety loaded to full capacity. There are also provisions for target practice under certain circumstances, and necessary appliances for cleaning firearms.

In the instant case the pistol discharged was not the one furnished by the company, and, having furnished the agent with a pistol and ammunition, there is nothing in this record indicating any reason for the company to anticipate the need by the agent of any other weapon. If the pistol furnished by the company was not in good working condition, it was the result of the neglect of the agent, and a violation of his duty—it merely needing the attention which the rules required be given by the agent.

We do not think the case of Ga. Pac. Ry. v. Propst, 83 Ala. 518, 3 South. 764, cited by counsel for appellee, tends to a contrary conclusion. There it was held the jury was authorized to infer that the conductor who had charge of the train possessed implied authority to engage plaintiff as a brakeman, an emergency existing to that end. Here the defendant furnished the agent with a proper instrumentality, of its own selection. That

the company should make the selection thereof in such cases is readily seen to be an important factor, and is also indicated by the rules of the company. It clearly could not be said that such an emergency had been shown as to be reasonably anticipated by the company from the mere fact that the agent had failed to properly clean the instrument furnished by the company.

We are therefore not persuaded that the principle contended for by the appellee concerning the custody of a dangerous instrumentality furnished by the master should be further extented so as to embrace such a case as that here involved, where the instrumentality was that of the agent himself, as to the use of which the master was without notice or knowledge, and any necessity for which was not to be reasonably anticipated.

We have therefore reached the conclusion that the plaintiff has failed to make out a case for submission to the jury, and that the affirmative charge should have been given.

Let the judgment be reversed, and the cause remanded.

Reversed and remanded.

All the Justices concur.