(104 So. 548)

# SEABOARD AIR LINE RY. CO. v. GLENN. (7 Div. 555.)

(Supreme Court of Alabama. May 28, 1925.)

1. Master and servant ⊜⇒302(3)—Assault and battery by railroad agent held without scope of employment.

In action for assault and battery committed by defendant's station agent, where evidence was that agent, who was undisputedly engaged in private employment in his own yard at the time, called plaintiff, who had come to depot for freight, over into his yard, and there assaulted and beat him with a pistol for language used to his wife, *held* that act of agent was without scope of his employment, for which defendant was not liable under doctrine of respondeat superior.

2. Master and servant ⊜⇒306—"Malice" defined.

"Malice," in law, is the intentional doing of a wrongful act to the injury of another.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Malice.]

3. Assault and battery ⊜⇒2—Proof of assault only did not authorize affirmative charge for defendant.

In an action for assault and battery committed upon plaintiff by railroad company's agent, where there was evidence of an assault on plaintiff, but plaintiff failed to prove a battery by agent within scope of his employment, defendant was not entitled to general affirmative charge, as evidence of assault was within the issue, and failure to prove the battery was merely failure to prove all injuries alleged.

Appeal from Circuit Court, St. Clair County; Woodson J. Martin, Judge.

Action for assault and battery by G. S. Glenn against the Seaboard Air Line Railway Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

---

These charges were refused to defendant:

"A. The court charges the jury that you cannot assess any damages in favor of the plaintiff based upon the assault made upon plaintiff away from the depot when Payne actually struck plaintiff with his pistol.

"B. The court charges the jury that you are not authorized to assess any damages in favor of plaintiff for personal injuries resulting proximately from the blow struck plaintiff by Payne with his pistol."

"(20) The court charges you that, if you believe the evidence, you cannot award the plaintiff any damages in the way of expenses in and about the treatment of injuries.

"(21) The court charges you that, if you believe the evidence, you cannot award the plaintiff any damages for permanent injuries."

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellant.

An assault committed by an agent does not render the principal liable, unless the assault was committed in pursuance of express or implied authority of, in, or about the business or duties of the agent. Wells v. Henderson L. &. L. Co., 200 Ala. 262, 76 So. 28, L. R. A. 1918A, 115; Gilliam v. S. & N. A., 70 Ala. 270; Goodloe v. M. & C., 107 Ala. 233, 18 So. 166, 29 L. R. A. 729, 54 Am. St. Rep. 67; Palos Coal & Coke Co. v. Benson, 145 Ala. 664, 39 So. 727.

W. A. Denson, of Birmingham, and Chas. O. Robinson, of Ashland, for appellee.

Brief of counsel did not reach the Reporter.

BOULDIN, J. The complaint is for recovery of damages "for an assault and battery committed on the plaintiff by J. H. Payne, a servant or agent of the defendant, while acting within the line and scope of his employment, on, to wit, December 5, 1921," describing the injuries sustained. This is the Code form adapted to the case in hand. Civil Code 1923, vol. 4, p. 505, form 18.

The questions presented on this appeal arise upon the refusal of certain affirmative instructions for defendant. The assault and battery was not denied. Was it within the line and scope of the employment? Payne was station agent of defendant, performing the general duties of freight and passenger agent at a railroad station.

The plaintiff's testimony was in effect that he was at the station with his wife and little boy to see them off as passengers at about 7 o'clock that morning. While waiting for the train, Payne passed with a wheelbarrow, carrying feed stuffs for his cattle. After the usual greetings, Payne notified plaintiff of the arrival of some freight for him, and requested plaintiff to come and remove it. Payne's business hours began at 8 o'clock, and soon after that time plaintiff returned to the station for his freight. Payne lived near the station, and on plaintiff's ar-

rival he saw Payne engaged in making a fire under a pot back of his residence. Plaintiff called to him, and told him he had come for the freight. Payne replied "Come here just a minute." Plaintiff left his car and went in the direction of Payne's house. As plaintiff approached, Payne went into his house and presently came out with a pistol in his hand, advanced toward plaintiff, cursing and abusing him, and, without other words from plaintiff, struck him on the head or face with the pistol, inflicting the injuries complained of.

The evidence for defendant was to the effect that a few days theretofore Mrs. Payne, the agent's wife, had spoken to plaintiff, as trustee of the local school, about some alleged mistreatment of her child by other children at school; that on a second interview the plaintiff had spoken offensively to Mrs. Payne about the child and herself; that she had left plaintiff's store crying, and reported the matter to her husband; that on the occasion of the assault plaintiff came to where Payne was making the fire under the pot and in conversation asked Payne if his wife "came home crying the other day?" Payne replied "Yes; you insulted her and hurt her feelings," and asked that plaintiff apologize to her. Plaintiff declined to make apology. Payne then called to his wife, and again demanded an apology. When Mrs. Payne came out of the house plaintiff applied to her an insulting epithet, and again refused; whereupon Payne drew a pistol from his pocket and struck plaintiff therewith. Plaintiff denied using insulting words to Mrs. Payne at any time.

It thus appears without dispute that at the time the difficulty arose Payne was engaged in his back yard in purely private and personal employment. There is dispute in the evidence as to whether the hour of service under his employment as station agent had arrived, but there is no dispute that he was not then engaged in that service. The only service having any relation to the occasion was the delivery of freight. Plaintiff had come to the station on that business, but it is not claimed that such business had been entered upon by Payne. On the contrary, according to plaintiff' version he was called away from the station, and nothing in his testimony tends to connect the assault and battery with any controversy about the freight or its delivery.

[1, 2] The law of respondeat superior, as applied to assault and battery committed by the servant upon a third person, has been frequently considered and carefully announced by this court. In general phrase, the wrongful act must be done while acting within the line and scope of the employment. If so, the master is liable, whether the injury results from negligence, wantonness, or willfulness of the servant. In extending the

liability to a willful wrong, the motive behind the act does not defeat liability. If, therefore, while in the performance of a duty committed to the servant, he takes occasion to perform it in such rude or violent manner as to give vent to personal spite or ill feeling toward another by committing an assault upon him, the master is liable. Malice in law is the intentional doing of a wrongful act to the injury of another. A willful wrong may, and usually does, include malice in this legal sense. It follows that malice on the part of the servant, whether arising from general evil disposition or from personal ill will toward another, does not relieve the master from liability. The rule is based upon the broad principle that in committing the performance of a definite work to another the act of the servant in doing that work is the act of the master. The policy of the law is to hold the master responsible for the torts of the servant in such case, although in fact the tort was committed against the will of the master and in violation of his rules or instructions.

But outside of the scope of employment the servant is his own master, responsible alone, as other persons, for his wrongs. To bind the master the abuse must be perpetrated "in the line of the duties assigned" to the servant; the act must be "done in and about the business or duties assigned" to him; must be "while acting within the range of the authority of the employment"; must be "fairly incident to the employment," within the zone of duty measured by the work committed to him.

The application of the rule is illustrated in our cases wherein the master was held liable and in others not liable. Some cases review others at length. Without again reviewing them, we cite the following: Wells v. Henderson Land & Lumber Co., 200 Ala. 262, 76 So. 28, L. R. A. 1918A, 115; Goodloe v. M. & C. R. Co., 107 Ala. 233, 18 So. 166, 29 L. R. A. 729, 54 Am. St. Rep. 67; Gilliam v. S. & N. A. R. Co., 70 Ala. 270; L. & N. R. R. Co. v. Whitman, 79 Ala. 328; Collins v. A. G. S. R. Co., 104 Ala. 390, 16 So. 140; Hardeman v. Williams, 150 Ala. 415, 43 So. 726, 10 L. R. A. (N. S.) 653; Id., 169 Ala. 50, 53 So. 794; Buttrey v. Wilhite, 208 Ala. 573, 94 So. 585; Kirby v. L. & N. R. Co., 187 Ala. 443, 65 So. 358; American Ry. Exp. Co. v. Tait, 211 Ala. 348, 100 So. 328; Republic I. & S. Co. v. Self, 192 Ala. 403, 68 So. 328, L. R. A. 1915F, 516; Birmingham Macaroni Co. v. Tadrick, 205 Ala. 540, 88 So. 858; Jebeles-Colias Conf. Co. v. Booze, 181 Ala. 456, 62 So. 12; Gassenheimer v. Western Ry. of Ala., 175 Ala. 319, 57 So. 718, 40 L. R. A. (N. S.) 998; Case v. Hulsebush, 122 Ala. 212, 26 So. 155; M. & O. R. Co. v. Seales, 100 Ala. 374, 13 So. 917.

Under the undisputed evidence in the case at bar, the plaintiff was not entitled to recover for the assault and battery committed by striking the plaintiff with the pistol at the time and place above shown.

Defendant's refused charges A, B, 20, and 21 should have been given. Their refusal is reversible error.

[3] There is evidence for plaintiff tending to show that, after the battery with the pistol, and after the Paynes had furnished a towel to wipe away the blood, plaintiff and Payne proceeded to the depot to deliver and receive the freight, and that while so doing Payne continued to curse and abuse plaintiff and to brandish the pistol in a threatening manner. It is not claimed any actual battery was committed after they entered upon that business. Appellant suggests that a count for assault and battery does not authorize a recovery for assault merely, and that the general affirmative charge was due defendant. We do not concur in this view. An assault and battery includes an assault. Seigel v. Long, 169 Ala. 79, 53 So. 753, 33 L. R. A. (N. S.) 1070. Proof of an assault and battery necessarily proves an assault. Evidence of an assault is within the issue. Failure to prove the battery is a mere failure to prove all the injuries alleged. We see no good reason for applying a different rule in civil actions from that obtaining in criminal prosecutions. Accordingly, we hold the general affirmative charge was not due the defendant on the ground argued. McGlone v. Hauger, 56 Ind. App. 243, 104 N. E. 116; 5 C. J. 662, § 99; 31 Cyc. 700–702(C).

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.