## BIDDLE v NEW YORK CENTRAL RD CO

Ohio Appeals, 6th Dist, Erie Co
No 326. Decided May 19, 1930

John F. McCrystal, Sandusky, for Biddle.
King, Ramsey & Flynn, Sandusky, for Rd Co.

RICHARDS, J.

It is well settled that a master is not liable for the acts of his servant, even if performed during the existence of the employment, unless the servant was acting within the scope of his employment, and it is insisted in this case that the employment on the bridge having been concluded for the day, the servant was no longer within the scope of his employment. Clearly this contention must be sustained, unless the employe who threw the broom, was in doing so acting within the scope of his employment in seeking to protect the property of his employer. Under certain circumstances the duty of the employe to protect the property of his master may be inferred.

West Jersey & Seashore R. R. Co. vs. Welch, 72 Am. St. Rep., 659:

McDermott vs. American Brewing Co., 83 Am. St. Rep., 225;

Brown vs. Boston Ice Co., 178 Mass., 108.

Certainly the liability of the employer for the act of the employe does not attach unless the relation existed at the time of the injury and with respect to the particular transaction causing the injury. Where, under all the circumstances disclosed, reasonable doubt arises whether the servant was acting within the scope of his employment, the question may properly be submitted to the jury to ascertain that fact.

Cooley on Torts, 536, gives the test of liability as follows:

"The test of the master's liability is not in the motive of the servant, but whether that which he did was something which his employer contemplated and something which, if he could do it lawfully might do in the employer's name."

It is quite true that ordinarily an act committed by a servant when he is off duty, as at the noon hour or after the day's work is done, is not within the scope of his employment and the master is not liable therefor. But, if the facts show that, although the day's work is done, the employe still had a duty to perform in the protection of his master's property, and if it is shown that in the performance of the act which caused the injury he was acting within the line of that duty, the master would be liable.

Rule L on page 11 of the Book of Rules of the defendant company was introduced in evidence and reads as follows:

"In case of danger to the railroad property, employes must unite to protect it."

This is a very important rule as applied to this case and in view of its existence and the facts and circumstances at the time the employe threw the broom, including the inflammable property of the company located nearby, this court is of the opinion that there was sufficient evidence to require that the case should be submitted to the jury.

For the reasons given the judgment will be reversed and the cause remanded for a new trial.

Williams and Lloyd, JJ., concur.