OPINION *Page 2 
{¶ 1} On May 14, 2004, Makeebrah Turner was operating a motor vehicle when she struck another vehicle carrying Arthur and Patricia Rhome and Richard and Phyllis Burton. As a result of the accident, Mrs. Rhome sustained injuries, and Mr. Rhome and Mr. and Mrs. Burton died. At the time of the accident, Ms. Turner was intoxicated and negligently caused the accident. Ms. Turner was a courier for USCCS, Ltd. Partnership dba U.S. Cargo. Contractor Management Services, LLC, provides referrals and administration services to companies seeking to hire drivers to provide delivery services, and did so for U.S. Cargo.
 {¶ 2} Lawsuits were filed by appellants, Patricia Rhome and the estates of Richard and Phyllis Burton and Arthur Rhome, against Ms. Turner, appellees, U.S. Cargo and Contractor Management, and others, seeking damages for wrongful death and personal injury. Appellants also filed claims for negligent entrustment, hiring, *Page 3 
retention and supervision against appellees. The cases were consolidated on May 13, 2005.
 {¶ 3} On October 3, 2005, appellees filed motions for summary judgment, claiming Ms. Turner was not an employee but an independent contractor, and she was not engaged in the course and scope of her employment at the time of the accident. By judgment entry nunc pro tunc filed June 7, 2006, the trial court granted the motion, finding Ms. Turner to be an independent contractor and further, she was outside the course and scope of her employment at the time of the accident.
 {¶ 4} Appellants filed an appeal and assigned the following error:
 I {¶ 5} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING THE MOTIONS FOR SUMMARY JUDGMENT FILED BY USCCS, LTD. PARTNERSHIP DBA U.S. CARGO AND CONTRACT MANAGEMENT SERVICES, LLC."
 {¶ 6} Appellee U.S. Cargo filed a cross-appeal and assigned the following cross-assignments of error:
 U.S. CARGO CROSS-ASSIGNMENT OF ERROR I {¶ 7} "THE TRIAL COURT SHOULD HAVE GRANTED SUMMARY JUDGMENT IN FAVOR OF U.S. CARGO FOR THE ADDITIONAL, INDEPENDENT REASON THAT U.S. CARGO CANNOT BE HELD LIABLE FOR MAKEEBRAH TURNER'S CRIMINAL ACTS."
 U.S. CARGO CROSS-ASSIGNMENT OF ERROR II *Page 4 {¶ 8} "THE TRIAL COURT SHOULD HAVE GRANTED SUMMARY JUDGMENT IN FAVOR OF U.S. CARGO FOR THE ADDITIONAL, INDEPENDENT REASON THAT MAKEEBRAH TURNER'S INTOXICATION WAS AN INTERVENING AND/OR SUPERSEDING ACT WHICH RELIEVED U.S. CARGO OF ANY ALLEGED TORT LIABILITY."
 {¶ 9} Appellee Contractor Management also filed a cross-appeal and assigned the following cross-assignment of error:
 CONTRACTOR MANAGEMENT CROSS-ASSIGNMENT OF ERROR I {¶ 10} "THE TRIAL COURT SHOULD HAVE ENTERED SUMMARY JUDGMENT IN FAVOR OF CMS FOR THE ADDITIONAL REASON THAT IT COULD NOT, AS A MATTER OF LAW, BE HELD LIABLE FOR MS. TURNER'S INTENTIONAL, CRIMINAL, OPERATION OF HER OWN MOTOR VEHICLE WHILE INTOXICATED WITHOUT EVIDENCE OF CONNECTION WITH THE BUSINESS OF CMS."
 {¶ 11} This matter is now before this court for consideration.
 I {¶ 12} Appellants claim the trial court erred in granting summary judgment to appellees. We disagree.
 {¶ 13} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 14} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it *Page 5 
appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v.Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citingTemple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466,472, 364 N.E.2d 267, 274."
 {¶ 15} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 16} Appellants challenge the trial court's decision in granting summary judgment to appellees. The trial court limited its decision on summary judgment to the issues of employee/independent contractor and scope of employment. The additional argument in appellees' motions for summary judgment regarding responsibility for an employee's criminal acts was not addressed by the trial court, but is argued by appellees in their respective cross-appeals.
 {¶ 17} Appellants argue material facts exist on the issue of employee/independent contractor that under a Civ.R. 56 standard, warrant reversal. We note the trial court relied on numerous facts in its decision. The parties concede these facts to be true, but appellants argue the trial court did not address other material facts they raised in support of their position that Ms. Turner was an employee:
 {¶ 18} "1) Turner presented herself to U.S. Cargo's Garfield Heights facility for a courier driver's position; *Page 6 
 {¶ 19} "2) She filled out and signed the application documents and pre-printed form agreements prepared by U.S. Cargo and CMS;
 {¶ 20} "3) She selected from an available group of U.S. Cargo pre-determined customer routes;
 {¶ 21} "4) She was given training by U. S. Cargo personnel on how to drive her route;
 {¶ 22} "5) She executed a U.S. Cargo lease agreement which expressly provided that Turner's vehicle `must be operated under the exclusivedirection and control' of U.S. Cargo; and
 {¶ 23} "6) At U.S. Cargo's direct instruction and requirement, Turner increased her automobile liability limits (from $12,500/$25,000 to $100,000 to $300,000)." Appellants' Brief at 6-7.
 {¶ 24} In order to address this appeal, we find the issues of criminal acts, negligent entrustment and scope of employment are dispositive. The issue of employee/independent contractor is not necessary.
 {¶ 25} Contractor Management is a company that provides referrals and administration services to individuals seeking delivery jobs. Ms. Turner executed a membership application and agreement with Contractor Management, and paid a fee in exchange for referrals to provide delivery services. Ms. Turner was not obligated to accept any referral.
 {¶ 26} U.S. Cargo is a company that provides courier services to business and financial institutions. U.S. Cargo contracted with Ms. Turner to make deliveries. At the *Page 7 
time of the accident, U.S. Cargo parcels and documents were found in Ms. Turner's vehicle.
 {¶ 27} Appellants argue because Ms. Turner had not yet delivered and/or returned the U.S. Cargo parcels and documents found in her vehicle to U.S. Cargo's facility in Garfield Heights, she was still within the scope of her employment. It is appellants' position the mere presence of the U.S. Cargo items in Ms. Turner's vehicle at the time of the accident, some three counties away from her route and the Garfield Heights facility, and at least two hours after her last pick up at the U.S. Federal Reserve in Cleveland, constitutes scope of employment. Gross depo. at 10-11, 101, 105, 216. We disagree with this argument.
 {¶ 28} Our brethren from the Second District in Mumford v. Interplast,Inc. (1997), 119 Ohio App.3d 724, 734, discussed "scope of employment" as follows:
 {¶ 29} "Generally, `[c]onduct is within the scope of employment if it is initiated, in part, to further or promote the master's business.'Martin v. Cent. Ohio Transit Auth. (1990), 70 Ohio App.3d 83, 92,590 N.E.2d 411, 417. Ordinarily, an act committed by an employee when he is off duty is not within the scope of employment. Biddle v. New York Cent.Rd. Co. (1930), 43 Ohio App. 6, 8-9, 182 N.E. 601, 601-602; Knecht v.Vandalia Med. Ctr., Inc. (1984), 14 Ohio App.3d 129, 132, 14 OBR 145,147-148, 470 N.E.2d 230, 233. An exception to this rule is where the employee has a duty to perform in furtherance of the master's business after working hours and performs that duty, causing injury to a third party. Biddle, 43 Ohio App. at 8-9, 182 N.E. at 601-602. Still, an employee is acting outside the scope of employment where the act has no relationship to the employer's business or is so divergent that its very character severs *Page 8 
the employer-employee relationship. Thomas v. Ohio Dept. of Rehab. Corr. (1988), 48 Ohio App.3d 86, 89, 548 N.E.2d 991, 994."
 {¶ 30} In Amstutz v. The Prudential Insurance Company (1940),136 Ohio St. 404, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 31} "A deviation by a servant will not, as a matter of law, be deemed to be an abandonment of his service to his employer, unless such deviation is so divergent from his regular duty that its very character severs the relationship of master and servant."
 {¶ 32} In addressing the issue of scope of employment, the Supreme Court of Ohio in Osborne v. Lyles (1992), 63 Ohio St.3d 326, 329, noted the following:
 {¶ 33} "The doctrine of respondeat superior is expressed in the Restatement of the Law 2d, Agency (1958) 481, Section 219(1), which states as follows: `A master is subject to liability for the torts of his servants committed while acting in the scope of their employment.' Ohio law provides, `[i]t is well-established that in order for an employer to be liable under the doctrine of respondeat superior, the tort of the employee must be committed within the scope of employment. Moreover, where the tort is intentional, * * * the behavior giving rise to the tort must be "calculated to facilitate or promote the business for which the servant was employed * * *." `(Citation omitted.) Byrd v.Faber (1991), 57 Ohio St.3d 56, 58, 565 N.E.2d 584, 587."
 {¶ 34} Although the issue of scope of employment is a factual one, theOsborne court acknowledged "when reasonable minds can come to but one conclusion does the issue regarding scope of employment become a question of law." Id. at 330. "`* * *[I]t becomes a question of law, however, when "the facts are undisputed and no conflicting inferences are possible." "`Id., quoting Mary M. v. Los Angeles (1991),54 Cal.3d 202, *Page 9 
213, 285 Cal.Rptr. 99, 105, 814P.2d 1341, 1347, quoting Perez v. VanGroningen Sons, Inc. (1986), 41 Cal.3d 962, 968, 227 Cal.Rptr. 106,109, 719 P.2d 676, 679. The Osborne court at fn. 4 set forth the test it adopted from Restatement of the Law 2d, Agency (1958), Section 229:
 {¶ 35} "Section 229 of the Restatement provides:
 {¶ 36} "`(1) To be within the scope of the employment, conduct must be of the same general nature as that authorized, or incidental to the conduct authorized.
 {¶ 37} "`(2) In determining whether or not the conduct, although not authorized, is nevertheless so similar to or incidental to the conduct authorized as to be within the scope of employment, the following matters of fact are to be considered:
 {¶ 38} "`(a) whether or not the act is one commonly done by such servants;
 {¶ 39} "`(b) the time, place and purpose of the act;
 {¶ 40} "`(c) the previous relations between the master and the servant;
 {¶ 41} "`(d) the extent to which the business of the master is apportioned between different servants;
 {¶ 42} "`(e) whether or not the act is outside the enterprise of the master or, if within the enterprise, has not been entrusted to any servant;
 {¶ 43} "`(f) whether or not the master has reason to expect that such an act will be done;
 {¶ 44} "`(g) the similarity in quality of the act done to the act authorized;
 {¶ 45} "`(h) whether or not the instrumentality by which the harm is done has been furnished by the master to the servant; *Page 10 
 {¶ 46} "`(i) the extent of departure from the normal method of accomplishing an authorized result; and
 {¶ 47} "`(j) whether or not the act is seriously criminal.'"
 {¶ 48} Applying these tests, we find that as a matter of law, Ms. Turner's act was outside the scope of her employment. Ms. Turner's act was the criminal operation of her vehicle. She admitted she was intoxicated at the time of the accident, pled to the felony counts and is now serving fourteen years in prison. Driving intoxicated is a criminal act and was not within the enterprise of U.S. Cargo. The place, time and purpose of her act were not within the scope of her employment. It is uncontested that she was seventy miles beyond her route, was not returning to the facility in Garfield Heights, and had no idea where she was at the time of the accident.
 {¶ 49} The mere fact that Ms. Turner did not complete her job assignment by returning to U.S. Cargo's Garfield Heights facility is not sufficient to convince reasonable minds that she was still within the scope of her employment at the time of the accident.
 {¶ 50} Based upon a consideration of the undisputed facts, regardless of the presence of some U.S. Cargo parcels and documents in Ms. Turner's vehicle, we conclude the criminal, unauthorized act of Ms. Turner was outside the enterprise of U.S. Cargo.
 {¶ 51} The sole assignment of error is denied.
 CROSS-ASSIGNMENTS OF ERROR {¶ 52} Based upon our decision in the sole assignment of error, the cross-assignments are moot. *Page 11 
 {¶ 53} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, P.J. Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY *Page 12 
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. *Page 1